317 A.2d 433.

ANTHONY GRENGA *et ux. vs.* NATIONAL SURETY CORPORATION.

APRIL 8, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. The plaintiffs are husband and wife. They are the named insureds in a homeowners policy issued by the defendant. In this civil action they seek damages because of their insurer's failure to indemnify and defend them as the result of an assault and battery action instituted against them by their neighbors. The plaintiffs are before us on appeal from the granting by a justice of the Superior Court of the defendant's motion for summary judgment.

The plaintiffs purchased the policy in 1966. It ran for three years and protected against liability for each occurrence of bodily injury and property damage up to the amount of $25,000. However, any injury or damage that was "caused intentionally by or at the direction of the Insured" was excluded from coverage.

In February 1970 plaintiffs' neighbors, Theresa Rega and her husband Anthony J. commenced a civil action in the Superior Court wherein their complaint stated that plaintiffs had violently assaulted and beaten Theresa. Theresa sought compensatory and punitive damages. Anthony

sought consequential damages. The incident had taken place in May 1969 during the time the homeowners policy was in force. In their complaint the Regas described the attack as having been unprovoked, and made with malice and with an intent to severely injure Mrs. Rega.[1]

The insurer refused to defend plaintiffs, so they hired private counsel and filed a counterclaim in which they asserted that Mrs. Rega had assaulted them. A three-day jury trial was held in the Superior Court during late September 1971. The jury returned "guilty" verdicts against plaintiffs. It awarded Mrs. Rega $1,500 and her husband $1,839.15. The jury returned "not guilty" verdicts in the action involving the counterclaim. Judgments on the verdicts were then entered. The Grengas as defendants and counterclaimants filed a motion for a new trial. It was heard and denied on November 16, 1971. On December 2, 1971 the Grengas instituted this suit. On December 11, 1971 two stipulations were prepared for entry in the assault and battery action. One was a release by the Regas of all their claims for the sum of $2,700 "provided said payment is made forthwith-immediately." The second stipulation reads "Dismissed with prejudice." It was signed by the attorneys. The stipulations were filed in the assault and battery case on February 2, 1972. A stipulation in the case now before us shows that the time for the filing of the insurer's answer was entered for February 16, 1972. The insurer's answer was filed on that date.

The plaintiffs now argue that the dismissal stipulation completely washes away the findings made in the assault and battery suit so that they can now return to the Superior Court and do battle with their insurer. Upon their

---

[1] The pertinent portion of the complaint reads thus:

"The aforesaid attack by the Defendant on her [Mrs. Rega] was unprovoked by her and was made with malice and with intent on the part of the Defendants to severely injure her."

48

return, plaintiffs will seek to show that they were the assaultees and not the assaultors, or if they struck Mrs. Rega, it was an "unintentional" striking. Unlike General MacArthur, plaintiffs shall not return to the Superior Court.

In this jurisdiction we adhere to the rule that the insurer's duty to defend is determined by the allegations contained in the complaint filed against the insured. Facts made known before the action is tried or during the process of litigation do not alter this rule. Whether the insured can or cannot avoid liability on the grounds of self-defense is of no concern to the insurer. If the allegations in the complaint fall within the risks covered against in the policy, the insurer is duty-bound to provide a defense for its insured regardless of whether the allegations are groundless, false, or fraudulent. *Employers' Fire Ins. Co.* v. *Beals*, 103 R. I. 623, 240 A.2d 397 (1968); *Thomas* v. *American Universal Ins. Co.*, 80 R. I. 129, 93 A.2d 309 (1952). Conversely, if the alleged facts fail to bring the case within the policy coverage, the insurer is free of its obligation.

We agree with plaintiffs' assertion that the policy's exclusionary language should not apply where an insured's intentional act results in unintentional harm. It is the harm itself that must be intended, *i.e.*, "intentionally" caused before the exclusion will apply. There is substantial support for the proposition that coverage exists under insuring and exclusion clauses identical or similar to the case presently before us for the unintentional results of an intentional act but not for damages incurred because of an injury which was intended to be inflicted. *Walker* v. *Champion*, 274 So.2d 840 (La.App. 1973); *Morrill* v. *Gallagher*, 370 Mich. 578, 122 N.W.2d 687 (1963); *Lyons* v. *Hartford Ins. Group*, 125 N. J. Super. 239, 310 A.2d 485 (1973); *Eisenman* v. *Hornberger*, 438 Pa. 46, 264 A.2d 673 (1970). However, the Regas' complaint on its face seeks damages

for intentionally inflicted injuries and consequently there was no duty on the insurer to defend them.

While the Regas' pleadings are conclusive on the issue of the insurer's duty to defend, it is conceivable that under our plasticized rules of pleading[2] evidence of unintentional harm might have been presented to the jury so that the ultimate proof may require the insurer to pay a judgment in a controversy where originally it had no duty to defend. *MacDonald* v. *United Pacific Ins. Co.*, 210 Ore. 395, 311 P.2d 425 (1957); *see also, First Ins. Co.* v. *Continental Casualty Co.*, 466 F.2d 807 (9th Cir. 1972). Nevertheless, the verdicts returned by the jury on the Regas' complaint and plaintiffs' counterclaim are positive proof of an intentional harm which precludes recovery by way of the insurer's duty to pay.

Despite the adverse happenings during the jury trial, plaintiffs would prefer that we regard the settlement stipulation as the equivalent of wiping the slate clean so that they can now have the opportunity of showing that they never intended to injure Mrs. Rega.

Concededly Rule 41(a)(1)(ii) states that an action may be dismissed at any time by the filing of a stipulation signed by all of the parties who have entered an appearance. However, this provision was never intended as a device that would work to the prejudice of a third party or the public interest. At the time the dismissal stipulation was filed in February 1972, the insurer had a vital interest in the jury's determination. There was a final judgment which in essence held that the plaintiffs had intentionally injured their neighbor. The public has a right to expect that once a

---

[2]Super. R. Civ. P. 15(b) states that in the absence of objection trial of an issue not raised by the pleadings shall be treated in all respects as if they had been raised in the pleadings. Under this rule, pleadings can be conformed to the evidence even at such a late stage as after entry of judgment.

litigant has had a full opportunity to try his case to its ultimate conclusion, he will not be allowed to return to the courthouse and give it another try. Accordingly, the stipulations executed by the litigants in the assault and battery suit and counterclaim in our opinion amount to nothing more than a discontinuance of the plaintiffs' appeal. The judgments entered on the jury's verdicts act as a collateral estoppel in the case at bar. The Regas' acceptance of a sum of less than that called for in the judgments amounts to an accord and satisfaction which serves to act as a full discharge of any liability the plaintiffs might have had as a result of the neighborhood fracas.

The plaintiffs' appeal is denied and dismissed.

Motion of appellant to reargue denied.

Mr. Chief Justice Roberts did not participate.

*John Quattrocchi, Jr.,* for plaintiffs.

*Higgins, Cavanagh & Cooney, Gerald C. DeMaria,* for defendant.