319 A.2d 344.

JOHN ANGELONE *vs.* UNION MUTUAL INSURANCE COMPANY OF PROVIDENCE.

MAY 24, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. This is a petition for a declaratory judgment under the Uniform Declaratory Judgments Act, G. L. 1956 (1969 Reenactment) ch. 30 of title 9. The issue raised by the petition is whether or not Union Mutual Insurance Company of Providence (Union Mutual) has, under its homeowners policy issued to John Angelone (Angelone), the duty to defend and indemnify Angelone in a suit for damages instituted against him by one Ogden H. Koerner (Koerner) for an alleged assault and battery.

The incident which gave rise to this action was a fracas occurring in a Providence bar on August 9, 1971. The present controversy centers on a provision in Angelone's policy which specifically excludes coverage for personal injury or property damage "which is either expected or intended from the standpoint of the Insured."

In Koerner's complaint, the allegation is made that Angelone "* * * with force and arms maliciously and without legal justification made an assault and battery * * *" upon him.

The trial justice, after examining the pleadings, applied the "pleading test," *i.e.,* the placing of the policy beside the pleadings in the complaint and thereafter making a determination as to whether there were any of the allegations that could come within the scope of coverage. Such procedure is mandated by *Employers' Fire Ins. Co.* v. *Beals,* 103 R. I. 623, 240 A.2d 397 (1968), and *Thomas* v. *American Universal Ins. Co.,* 80 R. I. 129, 93 A.2d 309 (1952). The allegations in the complaint determine whether the insurer must defend or not. Since the complaint before him contained merely one count, that of assault and battery, the trial justice ruled that the matter fell within the exclusionary language of the policy. Angelone presses this appeal from that ruling. We see no error.

Recently, in *Grenga* v. *National Surety Corp.,* 113 R. I. 45, 317 A.2d 433 (1974), we explicitly reaffirmed the application of the "pleading test" and stated that if the complaint sets forth allegations that the insured intended the harm caused, the exclusion applies.

The rationale of *Grenga* is fully applicable here. Looking at Koerner's complaint, it is obvious that he seeks damages from Angelone whose actions it is alleged were intentionally designed to injure him. Consequently, there is no duty on Union Mutual to defend. We would point out here, as we did in *Grenga,* that an insurer who relies on the pleadings in determining whether it will undertake a

defense might be still liable to pay a judgment if the record shows an intentional act but an unintentional harm.

The plaintiff's appeal is denied and dismissed.

*Harry J. Hoopis,* for plaintiff.

*William Gerstenblatt,* for defendant.