Dena Lynn WHITT, Tonya E. Spencer, Keri Kay Carratt, Christy Martell, Amanda Burden, Amy Crary, Andrea L. Cox, Judi Lynn Fischer, Raquel L. List, Sasha McLain, minors, by their Guardian ad Litem, Robert M. Whitney, Tammy L. Hawley, Thelma J. Bryan, Mary A. Munn, Victoria Ann Carratt, Dorothy Martell, Roxann McLain Van Landingham, Michael List and Victoria and James Burden, Plaintiffs,

v.

Richard R. DeLEU, Jr., in his individual capacity, Richard McGregory, Robert Harris, Arnold Lee, Michael Walls, Geneva Johnson, Harold Walters, James Pollard, William Nielsen, John or Jane Doe A, John or Jane Doe B, John or Jane Doe C, in their individual and official capacities, Richard Kranz, Mary McQuisten, Mrs. McMillen, in their individual capacities, Beloit School District, Wausau Insurance Companies, and The Continental Insurance Company, Defendants.

No. 87–C–324–C.

United States District Court, W.D. Wisconsin.

Feb. 17, 1989.

Robert M. Whitney, Foley & Lardner, Madison, Wis., for Whitt, Spencer, K. Carratt, C. Martell, A. Burden, Crary, Cox, Fischer, R. List, Hawley, and McClain.

Daniel R. Einum, Madison, Wis., for T. Bryan, M. Munn, V. Carratt, D. Martell and Van Landingham.

Robert Gingras, Fox, Fox, Schaefer & Gingras, S.C., Madison, Wis., for V. Burden and M. List.

Timothy J. Yanacheck, Straub & Schuch, Madison, Wis., for Wausau Ins. Co.

Robert J. Ruth, Bolgrien, Ruth, Rentz, Mineau & Koepke, S.C., Beloit, Wis., for McGregory, Harris, Lee, Walls, Johnson, Walters, Pollard, Nielsen, Kranz, McQuisten, McMillen and Beloit School Dist.

Bradway A. Liddle, Jr., Boardman, Suhr, Curry & Field, Madison, Wis., for McGregory and Beloit School Dist., Harris, Lee, Walls, Johnson, Walters, Pollard, Nielsen, Kranz, McQuisten, McMillen.

John W. Markson, Madison, Wis., for DeLeu.

Daniel W. Stolper, Stafford, Rosenbaum, Rieser and Hansen, Madison, Wis., for Continental Ins. Co.

## ORDER

CRABB, Chief Judge.

This is a civil action for monetary relief brought pursuant to 42 U.S.C. § 1983. Plaintiffs bring state claims of assault and battery against defendant DeLeu for his alleged sexual assaults of the minor plaintiffs, and both federal and state claims against defendant Beloit School District

and its employees for their alleged reckless and negligent supervision of DeLeu. Plaintiffs also allege that defendant DeLeu inflicted emotional distress on the parents of the minor plaintiffs. Now before the court is defendant Continental Insurance Company's motion for summary judgment on the ground that the homeowner's insurance policy it had issued to defendant DeLeu excluded coverage for the sexual misconduct alleged by plaintiffs in this action.

I find that it is the law of Wisconsin, as well as the law of all but two of the other states whose courts have considered this issue, that acts of unlawful sexual contact with a minor are so certain to result in injury to that minor that the law will infer an intent to injure on behalf of the actor without regard to his subjective intent. Therefore, I conclude that the insurance policy's intentional acts exclusion precludes coverage for defendant DeLeu's alleged sexual misconduct and I will grant defendant Continental Insurance Company's motion for summary judgment.

Based on the parties' proposed findings of fact and for the purpose only of deciding this motion, I find that there is no genuine issue as to the following material facts.

### Findings of Fact

The plaintiffs in this action have filed five separate complaints. The complaints are identical in regard to the allegations against defendant DeLeu.

Defendant DeLeu intentionally caused unpermitted and offensive sexual contact with each of the minor plaintiffs. DeLeu did not intend or expect to cause physical or psychological injury or harm to the minor plaintiffs.[1] DeLeu did not at any time

believe that he would probably cause physical or psychological injury to the minor plaintiffs.

DeLeu also intentionally caused emotional distress to the parents of the minor plaintiffs.[2]

A supplementary incident report prepared by Detective Polglaze of the Beloit Police Department on February 13, 1986 during the investigation of charges of sexual assault of minor girls against defendant DeLeu states that:

We also found that their [the children involved in the assaults] involvement with Mr. DeLeu was rarely a single incident, in fact they were so numerous that the children cannot be specific as to actual dates and times that these incidents occurred. We also found out that the reason that some of the children were just hugged or kissed was because at that point they resisted Mr. DeLeu's advances. In other incidents, it would be a hug, a kiss and rubbing of the breasts and then Mr. DeLeu would meet resistance. In another incident he would kiss, hug, rub the girl's butt and then meet resistance. It was obvious after talking to these girls that Mr. DeLeu would only go as far as he could with each individual girl and then when they resisted, he would go no further ...

Even in the cases where Mr. DeLeu only hugged or kissed the girls, it is evident through the several interviews we conducted that his intentions were sexual gratification. I think this shows in the evidence of the 20 children interviewed. This is also indicated in our conversation with Mr. DeLeu where he stated that when he hugged one of the girls, that he was sexually aroused.

1. What defendant Continental Insurance Company actually proposes as fact is that the complaints all *allege* that DeLeu "intentionally caused an unpermitted and offensive sexual contact" with each of the minor plaintiffs, and that "DeLeu did not intend or expect to cause" injury or harm to the plaintiffs. That a plaintiff alleges something is not a fact that would be useful in deciding the issue before the court. However, the substance of the allegation is material. In this instance, the minor plaintiffs and defendant DeLeu explicitly propose as fact, and defendant Continental Insurance Company does not dispute, that DeLeu did not expect or intend

to harm the minor plaintiffs. Therefore, I have found as fact that DeLeu did not expect to cause physical or psychological injury or harm to the minor plaintiffs.

2. What defendant Continental Insurance Company actually proposes as fact is that one of the five complaints *alleges* the intentional inflictions of emotional distress on the parents of the minor plaintiffs. For the reasons stated in footnote 1 above, I find as fact the substance of the allegation.

Defendant DeLeu did not engage in violence in the sexual contacts that are the bases of plaintiffs' claims.[3] His actions did not include penetration. The facts of the sexual contacts were the subject of testimony in the preliminary hearing in the matter of *State v. DeLeu,* Nos. 86–CR–189 and 86–CR–237, commencing on April 7, 1986.

From February 16, 1984 to February 16, 1985, defendant Continental Insurance Company had in effect a homeowner's insurance policy that covered defendant De-Leu. These two policies contain identical language regarding exclusions:

SECTION II—EXCLUSIONS

1. Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage:

a. which is expected or intended by the insured;

b. arising out of business pursuits of any insured or the rental or holding for rental of any part of any premises by any insured.

From February 16, 1986 to February 16, 1987, defendant Continental Insurance Company had in effect a homeowner's policy that covered defendant DeLeu. The wording of the exclusions in this policy is slightly different from the wording in the previous policies:

B. RESTRICTIONS ON YOUR LIABILITY COVERAGES

1. Intentional Acts. We do not cover bodily injury or property damage expected or intentionally caused by a Covered Person.

There was no homeowner's policy issued to defendant DeLeu by defendant Continental Insurance Company in effect after February 16, 1987.

Defendant Continental Insurance Company is not able to verify that it had a homeowner's policy in effect that covered defendant DeLeu prior to February 16, 1984.

Its records showing that it paid defendant DeLeu a theft loss in 1982 pursuant to a Continental Insurance Company homeowner's policy suggests that it did.

Any homeowner's policy issued by defendant Continental Insurance Company to defendant DeLeu from 1982 to 1984 would contain the same exclusions as contained in the homeowner's policies in effect between February 16, 1984 and February 16, 1986.

Defendant Continental Insurance Company has no records that indicate that it issued a homeowner's policy to defendant DeLeu prior to 1982.

*Opinion*

Defendant Continental Insurance Company contends that the "intentional injury" exclusions in the homeowner's policies it issued defendant DeLeu preclude coverage for any damages caused by De-Leu's unlawful sexual contacts with the minor plaintiffs in this action, because De-Leu's intent to inflict injury on the minor plaintiffs is inferred as a matter of law from his intentional commitment of those acts. Plaintiffs agree that defendant De-Leu intended to commit the acts of unlawful sexual contact but argue that defendant DeLeu did not intend to cause the minor plaintiffs any harm. Plaintiffs also maintain that the intent to harm is a question of fact that cannot be decided on a motion for summary judgment.

The Supreme Court for the State of Wisconsin has ruled that an "intentional injury" exclusion clause, like the clauses in the instant case, is not ambiguous, that it applies only to injuries intentionally caused, and that it applies even where the injury that does result is different from the injury that was intended. *Pachucki v. Republic Insurance Company,* 89 Wis.2d 703, 708, 712–714, 278 N.W.2d 898 (1979). In discussing the intent that must be proven for the exclusion to apply, the court quoted from W. Prosser, *Handbook on the Law of Torts,* § 8 at 31–32 (4th ed. 1971):

---

**3.** Defendant Continental Insurance Company challenges plaintiffs' proposed finding that defendant DeLeu did not engage in violence, and cites to its reply brief in which it argues that it is established that harm results from all types of unlawful sexual contact, whether or not the

contact is violent, and that to characterize an unlawful sexual contact as not violent is disingenuous. These contentions do not dispute the proposed fact that the contacts in the instant case were not violent.

[I]t is an intent to bring about a result which will invade the interests of another in a way that the law will not sanction.... Where a reasonable man in the defendant's position would believe that a particular result was substantially certain to follow, he will be dealt with by the jury, or even by the court, as though he had intended it.

*Pachucki,* 89 Wis.2d at 711, 278 N.W.2d 898.

In *Pachucki,* the court held that an actor's intent to inflict injury may be inferred *as a matter of fact* from the nature of the intentional acts where the acts are substantially certain to cause harm, without regard to the actor's claimed intent. *Id.* at 712–714, 278 N.W.2d 898. (emphasis added). In *K.A.G. v. Stanford,* 434 N.W.2d 790

(Wis.Ct.App.1988), the Wisconsin Court of Appeals applied the objective rule in *Pachucki* to acts of sexual misconduct against a minor and extended the rule to infer the intent to injure *as a matter of law* from the commission of such sexual misconduct, without regard to the actor's subjective intent. *K.A.G.* at 793.

Courts in fifteen other states have considered this issue. The courts in fourteen of these states have, like the court in *K.A.G.,* 434 N.W.2d 790, adopted what has become the majority rule and inferred the intent to cause injury as a matter of law in liability insurance cases involving alleged sexual misconduct against minors.[4] These courts have found that the alleged sexual contact is so substantially certain to result in some injury, or so inherently injurious, "that the act is considered a criminal of-

---

**4.** The states are Arkansas, California, Colorado, Florida, Georgia, Iowa, Maryland, Massachusetts, Michigan, Minnesota, New Hampshire, Oklahoma, Washington, and West Virginia. The cases, most of which are listed in note 7 of *Horace Mann Insurance Company v. Leeber,* 376 S.E.2d 581 (W.Va.1988), are as follows: *CNA Insurance Company v. McGinnis,* 282 Ark. 90, 666 S.W.2d 689 (1984) (sexual abuse of minor stepdaughter by stepfather over ten-year period); *American States Insurance Company v. Borbor,* 826 F.2d 888 (9th Cir.1987) (applying California law to insured who molested nursery school children by undressing, touching and photographing them in various sexual poses); *State Farm Fire & Casualty Company v. Huie,* 666 F.Supp. 1402 (N.D.Cal.1987) (applying California law to rape of minor), *aff'd sub nom. State Farm Fire & Casualty Co. v. Bomke,* 849 F.2d 1218 (9th Cir.1988); *Fire Insurance Exchange v. Abbott,* 204 Cal.App.3d 1012, 251 Cal. Rptr. 620 (1988) (two cases; in one case insured fondled minor's thigh and caused her to touch insured's penis; in other case teacher had homosexual relationship with fourteen-year-old boy); *Allstate Insurance Company v. Kim W.,* 160 Cal.App.3d 326, 206 Cal.Rptr. 609 (1984) ("lewd or lascivious acts" upon minor), *hearing denied* (Cal. Dec. 19, 1984); *Troelstrup v. District Court,* 712 P.2d 1010 (Colo.1986) (en banc) (homosexual acts with minor); *McCullough v. Central Florida YMCA,* 523 So.2d 1208 (Fla.Dist.Ct. App.1988) (fondling of genitals of three young boys); *Landis v. Allstate Insurance Company,* 516 So.2d 305 (Fla.Dist.Ct.App.1987) (sexual attacks on children); *Roe v. State Farm Fire & Casualty,* 188 Ga.App. 368, 373 S.E.2d 23 (1988) (molestation of minor daughter); *Altena v. United Fire & Casualty Company,* 422 N.W.2d 485 (Iowa 1988) (extends inference as matter of law to nonconsensual sexual acts with a twenty-year-old adult); *Harpy v. Nationwide Mutual Fire Insurance Company,* 76 Md.App. 474, 545 A.2d 718 (1988) (sexual abuse of minor); *Terrio v. McDonough,* 16 Mass.App.Ct. 163, 450 N.E.2d 190 (sexual assault and battery upon adult), *review denied,* 390 Mass. 1102, 453 N.E.2d 1231 (1983); *Auto-Owners Insurance Company v. Gardipey,* 173 Mich.App. 711, 434 N.W.2d 220 (1988) (insured grabbed ten-year-old boy and put his penis in boy's mouth); *Linebaugh v. Berdish,* 144 Mich.App. 750, 376 N.W.2d 400 (1985) (sexual contacts, including penetration, inflicted on minor); *Horace Mann Insurance Company v. Independent School District No. 656,* 355 N.W.2d 413 (Minn.1984) (sexual contacts inflicted on minor student by school teacher-counselor); *Estate of Lehmann v. Metzger,* 355 N.W.2d 425 (Minn.1984) (sexual assaults upon minor by her adult uncle over four year period); *Fireman's Fund Insurance Company v. Hill,* 314 N.W.2d 834 (Minn.1982) ("sexual play" with minor by foster parent); *Illinois Farmers Insurance Company v. Judith G.,* 379 N.W.2d 638 (Minn.Ct. App.1986) (various acts of sexual contact by minor with minor victims), *review denied* (Minn. Mar. 21, 1986); *Mutual Service Casualty Insurance Company v. Puhl,* 354 N.W.2d 900 (Minn.Ct.App.1984) (homosexual assault upon minor), *review denied* (Minn. Feb. 6, 1985); *Vermont Mutual Insurance Company v. Malcolm,* 128 N.H. 521, 517 A.2d 800 (1986) (homosexual assaults upon minor inherently injurious, so not accidental); *Allstate Insurance Company v. Thomas,* 684 F.Supp. 1056 (W.D.Okla.1988) (criminally touching and molesting minor in lewd and lascivious manner); *Rodriguez v. Williams,* 107 Wash.2d 381, 729 P.2d 627 (1986) (en banc) (sexual abuse of minor by stepfather); *Public Employees Mutual Insurance Company v. Rash,* 48 Wash.App. 701, 740 P.2d 370 (1987)

fense for which public policy precludes a claim of unintended consequences, that is, a claim that no harm was intended to result from the act." *Horace Mann Insurance Company v. Leeber*, 376 S.E.2d at 585. As can be seen from the variety of sexual contacts involved in the cases collected at note 4 above, the intent to cause injury is inferred as a matter of law regardless whether the misconduct involved violence or penetration, or whether the sexual contacts occurred over a long or short period of time.[5]

The courts in these cases, like the Wisconsin Court of Appeals in *K.A.G.*, 434 N.W.2d 790 have also held that it is immaterial that the actual injury caused is of a different character or magnitude from that subjectively intended. *Id.* Moreover, where the victims are children, it may be inferred that the actor's capacity to know the wrongfulness of his acts of sexual misconduct is also immaterial. *See* cases cited in n. 4 above. In sum, because injury always ensues, the offender is deemed to intend any injury resulting from the act as a matter of law. *St. Michelle v. Robinson*, 759 P.2d at 477 (citing *Rodriguez v. Williams*, 107 Wash.2d at 387, 729 P.2d 627).[6]

The courts in five cases have taken what has become the minority approach, applying a subjective test and holding that the "intentional injury" exclusion does not preclude coverage unless the claimant shows the actor acted with actual intent to harm.[7] As indicated in the citations in note 7, this holding in two of these cases was subsequently rejected by the state supreme courts in the same jurisdiction (Florida and New Hampshire); in two other cases the holdings by, respectively, a state court of appeals and a federal circuit court of appeals may be contrary to earlier rulings by the state supreme courts in those jurisdictions (California and Colorado); and in one case the federal district court applied state law from cases not involving sexual offenses, where the state courts had not addressed the issue of intent to harm in liability insurance cases involving sexual assaults of minors (Alabama).

(sexual molestation); *Grange Insurance Association v. Authier*, 45 Wash.App. 383, 725 P.2d 642 (1986) ("indecent liberties" taken with minors or "touching" them "in a criminal manner"), *review denied*, 107 Wash.2d 1024 (1987); *St. Michelle v. Robinson*, 52 Wash.App. 309, 759 P.2d 467 (1988) (father's sexual abuse of minor daughter); *Horace Mann Insurance Company v. Leeber*, 376 S.E.2d 581 (1988) (sexual contacts, such as touching of genitals, inflicted on minor student by school teacher).

**5.** Plaintiffs seek to distinguish most of these cases on the ground that they involve violent assaults or penetration. Yet plaintiffs offer no evidence to show that less or non-violent sexual misconduct, if any unwanted physical contact can be called nonviolent, is less substantially certain to cause harm than more violent sexual assaults. Indeed, plaintiffs seek hefty sums of money in damages for the harm to the minor plaintiffs allegedly suffered from defendant De-Leu's "nonviolent" sexual attacks.

**6.** Plaintiffs argue that the Wisconsin Court of Appeals ruled in *Poston v. United States Fidelity & Guaranty Company*, 107 Wis.2d 215, 221, 320 N.W.2d 9 (Ct.App.1982) that foreseeability of injury alone is not enough to invoke the "intentional injury" exclusion. However, in *Poston*, the court went on to explain that otherwise many acts of "mere negligence" would be foreseeable. *Id.* The court's expressed concern

with preventing the expansion of coverage to embrace negligent acts is not implicated in cases such as the one presently before the court involving intentional unlawful sexual contact with minors.

**7.** The states in which courts have followed the minority approach are Alabama, California, Colorado, Florida, and New Hampshire. The cases are: *State Auto Mutual Insurance Company v. McIntyre*, 652 F.Supp. 1177 (N.D.Ala.1987) (applying Alabama law from cases not involving sex offenses to "nonviolent" sexual abuse of minor granddaughter); *State Farm Fire & Casualty Company v. Estate of Jenner*, 856 F.2d 1359 (9th Cir.1988) (applying California law to sexual molestation of twelve-year-old boy); *Allstate Insurance Company v. Troelstrup*, 768 P.2d 731 (Colo.App.1988) (rejecting suggestion in earlier state supreme court opinion in same case involving homosexual acts with minor that majority approach is proper); *Zordan v. Page*, 500 So.2d 608 (Fla.Dist.Ct.App.1986) (sexual fondling of minor stepgranddaughter), *review denied sub nom. South Carolina Insurance Company v. Zordan*, 508 So.2d 15 (Fla.1987), *contra* are later opinions by other Florida courts in *McCullough*, 523 So.2d 1208, and *Landis*, 516 So.2d 305; *MacKinnon v. Hanover Insurance Company*, 124 N.H. 456, 471 A.2d 1166 (1984) (per curiam) (sexual abuse of minor stepdaughter), *but see Vermont Mutual Insurance Company*, 128 N.H. 521, 517 A.2d 800.

One of the main justifications for the minority approach, also raised by plaintiffs in the instant case, is that it benefits the victims by making possible another potential source of compensation for their injuries. *Horace Mann Insurance Company v. Leeber*, 376 S.E.2d at 586. However, the Wisconsin Court of Appeals and the other courts that have adopted the majority approach have determined that this benefit is outweighed by the effect of allowing sexual offenders to escape having to compensate minors for the harm that the courts have established is inherent in such offenses, *see, e.g., K.A.G. v. Stanford*, 434 N.W.2d at 793; *Roe v. State Farm Fire & Casualty*, 373 S.E.2d at 25.

The majority approach, followed by the Wisconsin Court of Appeals in *K.A.G.*, 434 N.W.2d 790, stands for the proposition that a person who sexually manipulates a minor cannot expect his insurer to cover his misconduct and cannot obtain such coverage simply by saying that he did not mean any harm. The courts following the majority approach have concluded that sexual misconduct with a minor is objectively so substantially certain to result in harm to the minor victim, that the perpetrator cannot be allowed to escape society's determination that he or she is expected to know that. Hence, these courts infer the intent to harm as a matter of law in sexual misconduct liability insurance cases involving minors.

Because defendant DeLeu's intentional sexual acts inflicted upon the minor plaintiffs were so certain to result in injury to the minor plaintiffs, I infer as a matter of law the intent to injure on behalf of DeLeu without regard to his claimed intent, and I conclude that defendant Continental Insurance Company's "intentional injury" exclusion precludes coverage for those attacks.

### Order

IT IS ORDERED that defendant Continental Insurance Company's motion for summary judgment is GRANTED.