David CRAVEN

v.

## METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY.

### No. 96–45–Appeal.

Supreme Court of Rhode Island.

April 8, 1997.

Stephen Rodio, Providence.

Thomas Bender, David P. Whitman, Providence.

## ORDER

The plaintiff, David Craven (Craven), is the named insured in a homeowner's policy issued by the defendant, Metropolitan Property and Casualty Insurance Company (Metropolitan). Craven sought a declaratory judgment that Metropolitan was required to defend and/or indemnify him after he was sued by Melissa A. Rondeau (Rondeau) for, inter alia, negligent infliction of emotional distress and assault. Because the Superior Court granted summary judgment against Craven, we review its decision de novo. *E.g., Marr Scaffolding Co., Inc. v. Fairground Forms, Inc.,* 682 A.2d 455, 457 (R.I.1996). In keeping with this standard, we are not bound by the lower court's rationale but may affirm on any legal basis supported by the record. *E.g., Thibodeau v. Metropolitan Property and Liability Insurance Company,* 682 A.2d 474, 475 (R.I.1996).[1]

An insurer's duty to defend is a function of the allegations in the complaint filed against the insured. *See Peerless Insurance Co. v. Viegas,* 667 A.2d 785, 787 (R.I.1995). If the allegations bring the case within the scope of the risks covered by the policy, the insurer must defend regardless of whether the allegations are " 'groundless, false or fraudulent.' " *Id.* Conversely, if the allegations fall outside the policy coverage, the insurer is released from this obligation. *See id.* at 789.

In her complaint, Rondeau alleges that she worked at a restaurant with Craven and that he frequently touched her sexually, "committed unnatural sexual acts upon her body and had intercourse with her," all without her consent.[2] Craven's policy states that Metropolitan will

"pay all sums for **bodily injury** \* \* \* to others for which the law holds you responsible because of an **occurrence.** \* \* \*

"**We** will defend **you** at **our** expense with counsel of **our** choice, against any suit or claim seeking these damages."

An occurrence "means an *accident,* including continuous or repeated exposure to substantially the same general harmful conditions, resulting in **bodily injury** \* \* \* during the term of the policy." (First emphasis added.)

Despite the claim for negligent infliction of emotional distress, Rondeau's complaint alleges *intentional* acts. *See, e.g., Sena v. Travelers Insurance Co.,* 801 F.Supp. 471, 475 (D.N.M.1992) (claiming that the insured made sexual overtures to her, the plaintiff sued him for, inter alia, battery and negligent infliction of emotional distress; in finding that the insurer had no duty to defend, the court held that the complaint filed against the insured failed to allege facts tending to show an "occurrence" (*i.e.,* an "accident"), adding that "[i]t strains the imagination to speculate how a pattern of sexual overtures and touching can be accidental"); *Merced Mutual Insurance Co. v. Mendez,* 213 Cal. App.3d 41, 50, 261 Cal.Rptr. 273, 279, 280 (Cal.Ct.App.1989) (noting that "[a]n accident \* \* \* is never present when the insured performs a deliberate act," the court said

---

1. Pursuant to an order of this court, counsel for the parties came before us to show cause why this appeal should not be summarily decided. Having listened to their oral presentations and reviewed their memoranda, we believe that cause has not been shown and shall therefore decide this appeal without any further briefing or argument.

2. Rondeau asserts that Craven used "beer and other alcoholic beverages available for sale upon the premises of the restaurant" to render her "so intoxicated that she could not resist" his sexual advances. And she insists that he "offensively touched [her] body *without her permission and was negligent and careless respecting the emotional distress and mental anguish he was thus causing to [her]."

that because the insured's sexual misconduct "was 'calculated and deliberate'" (all his "acts, the manner in which they were done, and the objective accomplished occurred exactly" as he intended), there was no "'accident'" and therefore no "'occurrence'" within the meaning of the homeowner's policy; accordingly, the insurer had no duty to defend); *see also Peerless Insurance Co.*, 667 A.2d at 789 (in finding that the insurer had no duty to defend or to indemnify the insured, we noted that "[t]he fact that the allegations in [the] complaint are described in terms of 'negligence'" is of no moment; the insured's "acts of sexual molestation that form the basis of plaintiff's complaint * * * were clearly intentional"). Because Rondeau's allegations of intentional sexual misconduct by Craven fall outside the risks covered by Craven's policy, Metropolitan was entitled to judgment as a matter of law.

Accordingly, we deny and dismiss Craven's appeal, affirm the judgment below, and remand the papers in this case to the Superior Court.[3]

BOURCIER, J., did not participate.

---

**3.** Because of our disposition of this appeal on the grounds indicated, we do not reach or decide any of Metropolitan's other arguments concerning why the summary judgment should be affirmed.