Toby GREGELEVICH et al.

v.

PROGRESSIVE NORTHWESTERN
INSURANCE Company.

No. 2004–125–Appeal.

Supreme Court of Rhode Island.

March 9, 2005.

Jeffrey Perlow, Hallandale, FL.

George T. Gilson, Cumberland.

# ORDER

This insurance coverage dispute came before the Supreme Court on February 2, 2005, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. The plaintiffs, Christopher Gregelevich, Sr., (Christopher Sr. or insured) and Toby Gregelevich (Toby), individually and as mother and natural guardian of the minor plaintiffs, Christopher Gregelevich, Jr., Michael Pina, and Earl Pina, (collectively, Gregelevichs or plaintiffs) appeal from Superior Court judgments denying their motion for summary judgment and granting summary judgment to the defendant, Progressive Northwestern Insurance Company (Progressive or defendant). After hearing arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

The facts surrounding the motor vehicle accident giving rise to the insurance claim are not in dispute. On July 26, 2002, while traveling in a 1985 Dodge van owned by Christopher Sr. and operated by Toby, plaintiffs were forced off of a road in Lake Mary, Florida, by an uninsured vehicle. The plaintiffs suffered varying degrees of physical injury. The insurance policy for the van did not provide uninsured motorist coverage. The plaintiffs looked to a separate Progressive policy, under which two motorcycles owned by Christopher Sr. were insured.

That policy excluded coverage for an accident occurring in a vehicle owned by the insured, other than a vehicle covered by Progressive. The insurance contract employed boldface type throughout the policy to specifically and sometimes distinctly define certain policy terms.[1] However, in denying coverage to plaintiffs, defendant did not abide by its own formatting practice. This seemingly innocuous discrepancy is crucial to this dispute.

The motorcycle endorsement attached to the policy replaced the policy definition of a **"vehicle"** with the following:

" **'Vehicle'** means any motorcycle, motorbike, motor scooter, motorized trike, or other land motor vehicle that has:

"a. at least two (2) wheels, but not more than:

"i. three (3) wheels, with respect to a vehicle designed for operation principally upon public roads; or

"ii. six (6) wheels, with respect to an all-terrain vehicle designed for operation principally off public roads;

"b. completely open-air driver's seating; and

"c. a motorcycle hand-grip steering device."

---

1. The introduction to the General Definitions section of the policy provides that: "[e]xcept as otherwise defined in this policy, terms appearing in boldface will have the following meaning."

The policy exclusion provides: "[c]overage under this [p]art * * * is not provided for **bodily injury** sustained by any person while using or **occupying** * * * any motor vehicle **owned** by **you** or a **relative**, other than a **covered vehicle**" (owned but not insured exclusion).

By letter dated October 6, 2002, defendant notified the Gregelevichs that coverage for their injuries had been denied. Citing language in the policy, Progressive gave its reason for denial as follows:

"[T]he vehicle [you] were traveling in did not meet the definition of a covered vehicle, as well as based on the policy exclusions which states 'coverage under this Part III is not provided for bodily injury sustained by any person while using or occupying * * * a vehicle owned by you or a relative, other than a covered vehicle.'"

The plaintiffs filed a complaint in the Superior Court on April 10, 2003, alleging breach of contract and bad faith.[2] In its answer, defendant included a counterclaim seeking declaratory relief. The parties filed cross-motions for summary judgment, and a hearing on those motions was held on October 14, 2003.

The plaintiffs argued that they were entitled to recover under the policy because the exclusion applied only to "vehicles," as defined in the motorcycle endorsement—motorcycles—and did not apply to the van involved in the accident.[3] In other words, plaintiffs read the owned but not insured exclusion to mean that coverage is precluded only if they were using or occupying a motorcycle, motorbike, or similar mode of transportation, which they owned but did not insure with Progressive. The plain-

tiffs further asserted that Progressive did not provide adequate notice of the reason for denial of coverage, because defendant failed to address the distinction between contract language set forth in boldface and ordinary type.

The defendant contended that it was not obligated to provide coverage for plaintiffs' injuries because their claims fell squarely within the owned but not insured exclusion. The defendant argued that this exclusion was not ambiguous because the policy clearly distinguishes between those terms that are subject to the policy definitions and those that are not. Specifically, the motorcycle endorsement definition of a **"vehicle"** does not apply to the phrase "any motor vehicle **owned** by **you** or a **relative**" because "vehicle" does not appear in boldface type.

The motion justice found that, although somewhat confusing, the policy language was not ambiguous and that the Gregelevichs' van was a "vehicle" for purposes of the owned but not insured exclusion. The motion justice rejected plaintiffs' inadequacy of notice argument, finding that the denial letters referenced the policy language. Summary judgment was granted in favor of defendant, and plaintiffs filed a timely notice of appeal.

This Court reviews *de novo* a Superior Court justice's contract interpretation. *Zarrella v. Minnesota Mutual Life Insurance Co.*, 824 A.2d 1249, 1259 (R.I.2003). We interpret insurance policy terms "according to the same rules of construction governing contracts." *Town of Cumberland v. Rhode Island Interlocal Risk Management Trust, Inc.*, 860 A.2d 1210, 1215 (R.I.2004). "The test to be applied is

---

**2.** The parties agreed to sever the bad faith claim, pending this appeal.

**3.** Under the policy, a "**covered vehicle**" is any "**vehicle**" that is listed on the declarations page. The plaintiffs did not dispute defendant's statement that the van is not a "**covered vehicle**."

not what the insurer intended by his words, but what the ordinary reader and purchaser would have understood them to mean." *Id.* (citing *Pressman v. Aetna Casualty and Surety Co.*, 574 A.2d 757, 760 (R.I.1990)).

We are of the opinion that the insurance policy may be complex but is not beyond the comprehension of the ordinary consumer.[4] The policy instructs the reader to refer to the policy definitions when they encounter a term highlighted in boldface type. The plaintiffs questioned what definition they are to apply if they are not to use the motorcycle endorsement definition of **"vehicle"** to interpret the phrase "any motor vehicle **owned** by **you** or a **relative.**" As we have said many times before, when examining a contract in its entirety, terms should be afforded their " 'plain, ordinary and usual meaning.' " *Town of Cumberland,* 860 A.2d at 1215 (quoting *Casco Indemnity Co. v. Gonsalves,* 839 A.2d 546, 548 (R.I.2004)). Therefore, the policy must be read by giving "vehicle" its

meaning in common, everyday usage, which certainly would include the van driven by Toby.[5]

We are satisfied that the policy excludes coverage for injuries "sustained by any person while using or **occupying** * * * *any motor vehicle* **owned** by [the insured] or a **relative,** other than a **covered vehicle.**" (Emphasis added.) Toby was driving a van that was owned by the insured but not covered by the policy. The van was undeniably a vehicle within the ordinary sense of the word. For the Gregelevichs to have an expectation of coverage under these circumstances was unreasonable.

For the reasons set forth herein, we affirm the judgment of the Superior Court.

---

4. We hasten to add that insurers employ complex language at their peril. Even in this case, the complexity of the policy provisions gave us pause before ruling as we have ruled.

5. The relevant definition of "vehicle" provided in the American Heritage Dictionary is "[a] self-propelled conveyance that runs on tires." American Heritage Dictionary of the English Language 1979 (3d ed. 1996).