DECISION
Before the Court is a counter-claim by the Dufaults (Defendants), seeking attorney's fees incurred in defending the declaratory judgment action of Plaintiff Merrimack Mutual Fire Insurance Company ("Merrimack"). Merrimack's declaratory action, in turn, was brought in response to the personal injury action of Defendant Frank Beauparlant (Beauparlant) against Dufault Jr. alleging liability coverage under a personal umbrella liability endorsement ("the policy") issued by Merrimack. In the declaratory judgment action, the Court ruled in Merrimack's favor and allowed reformation of the policy to reflect the parties' intent that Dufault Jr. was not an insured. That ruling leaves only the Dufaults' counter-claim for decision. Jurisdiction over the counter-claim is pursuant to Super. R. Civ. P. 13(a). For the reasons stated herein, the Court denies the Dufaults' request for attorney's fees and rules in favor of Merrimack.
 Facts and Travel
The detailed background of this dispute is stated in this Court's previous Decision. See Merrimack Mut. Fire Ins. Co. v. Dufault, etal., No. 03-6221, July 3, 2006, Gibney, J. Pertinent parts are repeated here where relevant. *Page 2 
 Law and Analysis
In Rhode Island, an insurer's duty to defend its insured is, in general, determined under the "pleadings test." Peerless Insurance Co.v. Viegas, 667 A.2d 785, 787 (R.I. 1995). "That test requires the trial court to look at the allegations contained in the complaint, and `if the pleadings recite facts bringing the injury complained of within the coverage of the insurance policy, the insurer must defend irrespective of the insured's ultimate liability to the plaintiff.'" Id. (quotingEmployers' Fire Insurance Co. v. Beals, 103 R.I. 623, 632, 240 A.2d 397,402 (1968)). The insurer is duty-bound to defend even when the suit is false and groundless. Id.
The Dufaults argue that the causative link between Merrimack's declaratory action and the tort action brought by Beauparlant requires Merrimack to pay the costs of defending the declaratory judgment action. While there can be no doubt that Merrimack did, in fact, seek declaratory judgment as a result of Beauparlant's effort to recover under the Merrimack policy, this link is not sufficient to invoke a duty to defend in this case. In applying the pleadings test to the facts of this case, this Court notes its prior ruling in Merrimack's declaratory action. There, relying on the parties' Agreed Statement of Facts (ASF), the Court found that the insurance contract did not reflect the parties' prior completed understanding due to a mutual and material mistake of fact. The Court reformed said policy by allowing Merrimack to issue a Restricted Insured Endorsement specifically excluding Dufault Jr. from the Policy's coverage, retroactively effective from May 1, 1998. Beauparlant's tort claim alleged liability on the part of Dufault Jr. in an auto accident of February 4, 1999. (ASF 6.) In light of the retroactive effect of the Endorsement, it is clear that the Dufaults' claim fails under the pleadings test: *Page 3 
Beauparlant's alleged injury does not come within the coverage of the insurance policy, as reformed pursuant to this Court's prior ruling.
Although no decision of the Rhode Island Supreme Court squarely addresses the facts of this case, rules of insurance contract construction and policy support denial of attorney's fees in this case. Insurance policies are interpreted according to the same rules of construction as are other contracts. Gregelevich v. ProgressiveNorthwestern Ins. Co., 882 A.2d 594, 595 (R.I. 2005) (citing Town ofCumberland v. Rhode Island Interlocal Risk Management Trust, Inc.,860 A.2d 1210, 1215 (R.I. 2004)). Policy language is given its clear and plain meaning, but where ambiguity exists, the policy is strictly construed in the insured's favor and against the insurer, the drafter of the policy. Town of Cumberland, 860 A.2d at 1215. Thus, in case of ambiguity, the question is not what the insurer meant by the words, but what an ordinary reader and purchaser would understand the words to mean. Id.
When an insurer breaches its duty to defend and forces its insured to establish the duty in a declaratory action, there appears to be some split among courts as to whether the insurer must provide its insured's costs in the declaratory action. John Alan Appleman et al.,Insurance Law and Practice § 4691 (1981) (citations omitted). Reasoning that a declaratory action is not one seeking damages and thus not an insured risk, some courts have held that in the absence of fraud or bad faith, the insurer need not pay the costs incurred in establishing the duty. Id. Such a rule has been criticized as denying the insured the benefit of his bargain because
 [i]f the rule laid down by these courts should be followed by other authorities, it would actually amount to permitting the insurer to do by indirection that which it could not do directly. That is, the insured has a contract right to have actions against him defended by the insurer, at its expense. If the insurer can *Page 4 
force him into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had never had the contract right mentioned above.
Id. Other courts have adopted this criticism and held that "the principles of equity call for the insurer to be liable to the insured for expenses, including reasonable attorney fees, incurred by the insured in successfully establishing coverage." Elliott v. Donahue, 485 N.W.2d 403, 408 (Wis. 1992).
The Court need not determine which of these views best comports with Rhode Island law, for this case presents the converse situation. Here, Merrimack successfully established in its declaratory action that coverage of Dufault Jr. was not part of its agreed bargain with the Dufaults. The above divergence is relevant, nonetheless, for it illustrates that the result reached here by applying this state's pleadings test is sound. Dufault Sr. stipulated that he intended the Merrimack policy to cover only his own and his wife's vehicles, not the vehicle owned by his son involved in the accident. (ASF 12.) It was this mutual intent that the Court gave effect to in its prior decision. The insured — Dufault Sr. and his wife — do not need a defense in the underlying tort claim, for they are not involved in that litigation. Dufault Jr. is being represented by his own insurer. (ASF 5.) Thus, the denial of attorney's fees fulfills the Dufaults' expectations at the time they entered the insurance contract with Merrimack. Although the rules of contract construction urge the Court to construe any ambiguous policy language against Merrimack, they do not compel Merrimack to pay attorney's fees where an exclusion of coverage is clear and agreed to by the parties.
The Rhode Island Supreme Court has recently reaffirmed its "staunch adherence to the `American rule' that requires each litigant to pay its own attorney's fees absent *Page 5 
statutory authority or contractual liability." George W. Moore, Esq. etal. v. Carol C. Ballard et al., No. 2005-341-Appeal, slip op. at 3 (R.I., filed January 25, 2007). One such statutory authorization exists in G.L. 1956 § 9-1-45, which allows an award of attorney's fees in a civil action for breach of contract where the Court finds "a complete absence of a justiciable issue of either law or fact raised by the losing party." Exceptions to the American rule also exist where an award of attorney's fees serves the ends of justice or is needed "as a sanction for contumacious conduct." Moore, slip op. at 3 (citations omitted). Here, § 9-1-45 does not authorize the granting of fees, since the Dufaults are not the prevailing party, nor does the Court find an award of fees otherwise appropriate as a just remedy or to sanction any conduct of Plaintiffs. Thus, in the absence of a contractual provision, this Court finds no additional basis for the award sought by Defendants.
 Conclusion
In Defendants' counter-claim seeking an award of attorney's fees incurred in defending against Plaintiff's declaratory judgment action, the Court finds that no contractual provision or statute authorizes such an award. Judgment is therefore rendered in favor of Plaintiff. Counsel shall submit the appropriate judgment for entry. *Page 1