JOSEPH W. LONGO *vs.* PETER N. MONAST.

SAME *vs.* THOMAS J. MCNAMARA, JR. *d.b.a.* HAMILTON
TAXI SERVICE.

DECEMBER 8, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. These are actions of trespass on the case for negligence which were tried together in the superior court to a jury and resulted in a verdict for the plaintiff for $1,000. in each case. A motion for a new trial in each case was denied by the trial justice and the cases are now here on defendants' identical bills of exceptions.

The cause of action arose out of a collision between an automobile owned and operated by the plaintiff and a taxicab owned by defendant McNamara and operated by defendant Monast. In each action the plaintiff claims damages for injuries to his person and property. Since both cases are based on the same cause of action and have been brought here on identical exceptions to rulings in the trial below, we shall hereinafter discuss the points raised by such exceptions as though we had but one case before us.

At the hearing in this court defendant briefed and argued his exception to the denial of his motion for a new trial and five other exceptions to rulings admitting certain evidence

over his objections. He expressly waived all his other exceptions.

It appears from the evidence that on August 28, 1941, defendant's taxicab, while proceeding southerly on Newport avenue in the city of Pawtucket collided with plaintiff's automobile, which was proceeding easterly on Beverage Hill avenue in that city. At the time of the collision plaintiff was driving his automobile through the intersection of the two avenues in response to a favorable signal from a police officer who was directing traffic at such intersection. It further appears that the officer was then signaling with his hand for traffic on Newport avenue to stop and that, disregarding such signal, defendant, while operating his taxicab at a fast rate of speed, drove into the intersection and crashed into plaintiff's automobile on its left side at the left door. The taxicab continued rolling thereafter for a distance of about seventy-five feet before it came to a stop. Plaintiff's automobile was badly damaged and he was deprived of its use for about forty-three days. Defendant Monast was arrested, charged with driving so as to endanger, pleaded guilty in the district court of the tenth judicial district and was fined $10. and costs.

At the trial plaintiff proved property damage amounting to $581. Included therein was $43. which plaintiff had expended for the use of another automobile for forty-three days at $1. a day. Plaintiff testified as to his personal injuries that, after the collision, he was "Naturally, very nervous"; also that such nervous condition lasted "Not over a month, two or three weeks or a month." It further appears from his testimony on this matter that he suffered no other injuries; that, although he was examined at the hospital immediately after the collision, he received no medical treatment or x-ray examination, as he did not feel he needed any.

He also testified that he lost no time from his employment and continued to drive to work in an automobile, although for some time he felt that he "didn't want to drive a car". There was no other evidence of plaintiff's "nervous condi-

tion" and no evidence that he ever complained of it to his physician or to members of his family. All of the plaintiff's testimony was given by way of deposition because, at the time of the trial, plaintiff, due to physical disability not connected with this accident, was not able to testify in court personally.

Under his exception to the denial of his motion for a new trial, defendant contends that the trial justice erred because the damages awarded by the jury are grossly excessive. In arguing this contention defendant has confined himself to the damages which the jury awarded for plaintiff's personal injuries, apparently conceding the correctness of the amount awarded for property damage, except that he claims that the item of $43. for loss of use of plaintiff's automobile was not properly proved. He urges that there is little or no evidence of any real substantial personal injury sustained by the plaintiff; that, if there is, it is so weak as to be incapable of affording the jury any basis for measuring it in pecuniary terms; and, in any event, that an award of $419., which includes a hospital fee of $3., is so gross and disproportionate to the evidence of personal injury as to reflect not reasonable compensation therefor but rather sympathy for the plaintiff or punishment for the defendant.

The trial justice has expressly approved this verdict in his rescript. Ordinarily in such a case the trial justice's decision is not disturbed, unless it is clearly wrong. *Wilcox* v. *Rhode Island Co.,* 29 R. I. 292. The instant case is out of the ordinary in that, in so far as evidence of the plaintiff's personal injury is concerned, the trial justice was in no better position to evaluate it than we are, because all the testimony on that phase of the case was given to the court and jury below, not personally on the witness stand but by way of deposition. In such circumstances, we are as able as the trial justice to consider and weigh the testimony on the issue of plaintiff's personal injury and are, therefore, not bound by the rule of the *Wilcox* case in deciding whether or not the damages awarded by the jury for such personal injury correspond

fairly to the evidence and do substantial justice between the parties.

With this in mind we have carefully examined the evidence on that issue and have come to the conclusion that the jury's verdict on the damages is grossly excessive. The evidence here of any real personal injury is very scanty but there is some tending to show that plaintiff was shaken up by the impact of the taxicab against his automobile and was rendered somewhat nervous thereby. However, the extent of such nervousness is not shown and it nowhere appears in the evidence that it amounted to a nervous shock in the strict meaning of that term in medical science.

On the contrary, the inference is plain that it was no more than a slight feeling of nervousness which gradually wore off in a month or so. Indeed it is clear from plaintiff's testimony quoted above that such was his own view of his condition. He complained to no one about it, sought no medical advice or assistance to overcome it and submitted to no medication to relieve it. To measure pecuniarily an injury of this kind on such slight evidence is a task that ought to be undertaken with a strict regard to the rules governing the award of damages as compensation and nothing more. The sum of $416., which the jury allowed for such injury, seems to us to amount to a gross disregard of those rules and should not be approved. A fair award of compensation for such pain as the plaintiff suffered from his nervousness ought not to exceed, in our opinion, the sum of $100. The jury's award of total damages ought, therefore, to be reduced by $316. or a new trial ought to be granted to the defendant.

Defendant's other exceptions raise a single issue. May the plaintiff prove loss of use of his automobile in going to and from his employment daily merely by testifying that he lost the use of his car for such purpose for forty-three days and had paid $1. a day for that period for the hire of another automobile? Testimony of that kind may well be open to question if there is nothing more in evidence at the time than that the plaintiff's automobile was damaged and he

hired another. But here we had something more. There was testimony that the plaintiff used his automobile daily going to and from his employment; that it was so greatly damaged that it had to be towed away from the scene of the accident; that an automobile repairer testified that it would reasonably require him about two months or so to repair it and put it in good running order again; that plaintiff had to hire another automobile to transport him to and from his place of employment for forty-three days while he was deprived of the use of his own outomobile; and that he paid $1. a day for such automobile hire. In the light of such evidence we are of the opinion that plaintiff's loss of use of his automobile was an element of damage for the jury to consider, even though such automobile was not used in plaintiff's business.

*Prima facie,* the testimony of the plaintiff that he had actually paid out $43. was, on the state of the evidence, some measure of such loss. Whether such payment was unreasonable, or automobile transportation of the kind hired was unnecessary or out of proportion to the kind or character supplied by plaintiff's own automobile, was essentially a matter of defense which would go to the weight rather than the admissibility of plaintiff's evidence. This conclusion is not contrary to *Nock* v. *Lloyd,* 32 R. I. 313, which defendant cites as authority against the admissibility of the evidence objected to here, because in that case defendant was seeking to prove that certain work which was performed on a yacht was necessary merely by offering in evidence a bill rendered by a third person for such work. There this court quite properly held that a bill could not be admitted for such purpose; but here, as the testimony summarized above shows, the testimony objected to does not fall into the same category as the bill in the *Nock* case. The trial justice did not err, therefore, in admitting such testimony in the circumstances before him, and the defendant's exception thereto is accordingly overruled.

Defendants' exceptions to the denial of their motions for a new trial are, however, sustained, and each case is remitted

to the superior court for a new trial on damages only, unless plaintiff shall, on or before December 18, 1944, in writing file a remittitur with the clerk of the superior court, remitting all of each verdict in excess of $684. If such remittitur is duly filed, the superior court is directed to enter judgment for the plaintiff on each verdict as reduced by such remittitur.

*Francis V. Reynolds*, for plaintiff.
*James B. Linehan*, for defendants.