SAMUEL THOMAS *vs.* AMERICAN UNIVERSAL INSURANCE COMPANY.

DECEMBER 17, 1952.

PRESENT: Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an action of assumpsit on a general liability insurance policy and for the recovery of unearned premiums on certain insurance policies which defendant canceled. The case was tried before a justice of the superior court sitting without a jury. He found that plaintiff, hereinafter called the insured, was entitled to recover $200 due to defendant's breach of its obligations under the liability policy and $90.79 for the unearned premiums including interest. The defendant, hereinafter called the insurer, duly excepted to that decision and has brought the case here on such exception only.

Under that exception the insurer makes the following contentions: first, that the trial justice erred in construing the general liability policy so as to make the insurer liable thereunder; and second, that he erred in finding that it owed the insured for the unearned premiums with interest. In support of the first contention, the insurer argues that

the terms of the general liability policy clearly show that the claim made by a third party against the insured, in the defense and settlement of which he was forced to expend $200, was not covered by the policy, but on the contrary was expressly excluded by Condition 4 thereof. In support of its second contention the insurer argues that the evidence shows that the insured had received a check for $76.12, which was stated to be in full settlement of the claim for unearned premiums due on the canceled policies, and that he had not returned it.

The insured based his right to recover on the following facts. On January 19, 1951 while the general liability policy was in full force and effect Walter R. Mallett caused a disturbance in the insured's cafe at 1 Hospital street in the city of Providence and had to be forcibly ejected. In the course of his ejection he indulged in loud, vulgar, and profane language and threatened to kill the insured who, while assisting in subduing Mallett, hit him with a stick. Thereafter on February 2, 1951 Mallett brought an action for assault and battery against him in the district court of the sixth judicial district. The writ charged the insured with trespass *vi et armis* and the declaration filed therein alleged that he personally assaulted and beat Mallett.

The insured retained counsel to defend him in that action. Apparently at that time he had forgotten that he had liability insurance. However, in discussing the case with his counsel later, he recalled that he had such a policy. After examining its provisions counsel advised him that the insurer was obligated to undertake the insured's defense and, if he was found liable to Mallett, to pay damages within the limits of the policy. Notice was then given to the insurer of the pending action in the district court. Thereupon an agent of the insurer, after investigating the record of the action in such court, advised the insured and his counsel that it declined to defend him therein because in the declaration the assault was alleged to have been committed upon Mallett by the insured himself and, there-

fore, it was expressly excluded from coverage under Condition 4 of the policy.

The action of assault and battery thereafter proceeded to trial with personal counsel representing the insured. The district court found him guilty and awarded Mallett damages in the sum of $35. Being dissatisfied with such damages he appealed to the superior court and claimed a jury trial. Thereafter the insured fearing that a jury might award even higher damages settled the claim for $100. He also paid his own counsel $100 for legal services rendered in the matter.

At the trial of the instant case in the superior court the record of the assault and battery action in the district court was introduced in evidence. It appeared therefrom that the insured had pleaded self-defense in addition to a plea of the general issue. Notwithstanding that he had failed to sustain his plea of self-defense in the district court he insisted at the trial of the case at bar that the alleged assault and battery should be deemed in the circumstances an accident which was apt to occur in the conduct of his business and, therefore, a hazard within the contemplation of the policy.

The trial justice seems to have agreed in substance with that view, as he stated in his decision that he construed Condition 4 of the policy as not meaning "a striking by the insured in self defense." And he further said that "on the testimony before me I find as a fact that the plaintiff here in striking the disturber used only reasonable force, and used that force only in defense of himself and his premises, and that he did not commit such an assault as is covered by paragraph 4 of the conditions of the policy * * *." We think the trial justice erred in his construction of the policy, and also erred in resting his decision on evidence of the facts and circumstances which were adduced in the trial before him rather than on the allegations in the declaration of record in the action of assault and battery.

Under Insuring Agreement I, "Coverage A—Bodily In-

jury Liability," of the policy the insurer agreed: "To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom sustained by any person or persons, caused by accident and arising out of the hazards hereinafter defined."

It was further agreed with insured under Insuring Agreement II: "that as respects insurance afforded by this policy the Company shall (a) defend in his name and behalf any suit against the Insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent * * *."

And under Condition 4 of the policy it was expressly provided that "Assault and battery shall be deemed an accident unless committed by or at the direction of the Insured." The hazard described in the policy was the operation by the insured of a restaurant without a dance floor and orchestra. It was not denied that insured's cafe was such a restaurant within the meaning of the policy.

The above-quoted provisions of the policy leave no room for doubt that the insurer intended to grant coverage for any bodily injury to a third party on the insured's premises which was caused by accident, including under that term assault and battery, provided that it was not committed by the insured or at his direction. The record of the action for assault and battery in the district court discloses that Mallett's claim for damages against the insured was based solely upon an allegation of assault and battery by the insured personally. In the circumstances the insurer was justified in declining to take upon itself the defense of such action or to pay any damages in settlement of the claim made therein.

The law is well settled that in such circumstances the obligation of the insurer is to be determined by the allegations in the declaration or complaint filed against the

insured. Facts made known before the action is tried or during the process of litigation do not alter this rule. If the declaration does not allege a liability within the coverage of the policy the insurance company is not required to defend. *Fessenden School, Inc.* v. *American Mutual Liability Ins. Co.,* 289 Mass. 124; *Boyle* v. *National Casualty Co.,* D. C., 84 A. 2d 614; *Farmers Cooperative Soc. No. 1 of Quanah* v. *Maryland Casualty Co.,* Tex. Civ. App., 135 S.W.2d 1033. 8 Appleman Ins., §4683, p. 10.

In the instant case the insured was sued for an assault and battery which the injured party alleged was committed by the insured personally. Whether or not the insured could avoid liability therefor on the ground of self-defense was of no concern to the insurer. That was a matter to be established by the insured himself. Whatever the event of such a defense the insurer would not be liable, since the allegation in the declaration that the insured had personally committed the alleged assault and battery placed the claim of the injured party clearly outside the coverage of the policy.

In the light of the above-settled principles the trial justice erred in his construction of Condition 4 of the policy. And for a like reason, in determining the insurer's liability to defend and pay under the terms of the policy, he erred in relying upon facts adduced at the trial before him rather than upon the declaration filed in the assault and battery action. Consistently with such principles the insurer was not liable either for the $100 paid by the insured in settlement of Mallett's claim or for the expense of $100 which he incurred for legal services in defending such claim.

As to the award of $90.79 for the unearned premiums due on the canceled policies we are of the opinion that the trial justice did not err. There is no evidence that the insurer actually made any payment of such premiums. Its reliance upon the insured's receipt of a check for $76.12, dated August 23, 1951, from Paul D'Agnenica purporting to be a payment therefor, is of no avail. That check does

not appear to have been sent by the insurer nor was it cashed by the insured. It is dated three days after he had commenced suit and was at no time in the course of this litigation the subject of a plea of tender in accordance with general laws 1938, chapter 520, §6. Moreover the evidence is conflicting on the question of the amount due for such unearned premiums, the insured contending it was more than $76.12 and that he was entitled to interest thereon for deferred payment.

There is no question that the amount of such premiums was withheld from the insured until after the instant litigation was commenced even if the D'Agnenica check were to be deemed the insurer's check. In the absence of a tender of the correct amount due with interest plus the insured's lawful costs up to the date of tender, the insurer was not entitled to prevail on the theory of a tender. On the contrary the insured is clearly entitled to a decision in his favor. Otherwise he would be unjustly penalized by having cast upon him the burden of the costs of the litigation which he was forced to bring before the insurer offered to pay. See *Haley* v. *Newport Gas Light Co.,* 6 R. I. 582.

On the question of the amount of the unearned premiums, the trial justice accepted the insured's figure of $76.79 and allowed interest thereon at 6 per cent, making the total of such premiums $90.79. The insurer has questioned the accuracy of the figure of $76.79 as against its own claim that it is $76.12. The difference is so small that it may well be treated as *de minimis.* The trial justice's decision for the insured to the extent of $90.79 may stand and judgment may be entered thereon accordingly, subject, however, to the insured's surrender to the defendant at that time of the D'Agnenica check.

The defendant's exception is overruled, and the case is remitted to the superior court with direction to enter judgment, in accordance with the above condition, for the plaintiff in the sum of $90.79 and costs.

*Frank H. Bellin,* for plaintiff.

*Adler & Zucker, Martin M. Zucker,* for defendant.