**HINGHAM MUTUAL FIRE INSURANCE COMPANY**

v.

**Joseph E. HEROUX, et al.**

No. 87–304–Appeal.

Supreme Court of Rhode Island.

Oct. 31, 1988.

Stephen A. Fanning, Jr., Bruce Calvert Palmer, Edwards & Angell, Providence, for plaintiff.

Francis A. Gaschen, Gaschen Law Offices, Pawtucket, for defendants.

OPINION

FAY, Chief Justice.

This case is before the Rhode Island Supreme Court per order of a justice of the Superior Court for Providence and Bristol Counties granting the defendants' motion to certify two questions to this court pursuant to G.L. 1956 (1985 Reenactment) § 9–24–25 and Rule 72(a) of the Superior Court Rules of Civil Procedure:

"1. Must Hingham Mutual Fire Insurance Company, plaintiff, defend Joseph E. Heroux and Lillian D. Heroux, defendants in the personal injury claim outlined in Paragraph 6 of the Agreed Statement of Facts?

"2. Must Hingham Mutual Fire Insurance Company, plaintiff, indemnify Joseph E. Heroux and Lillian D. Heroux, defendants, as to all sums adjudged against Joseph E. Heroux and Lillian D. Heroux and in favor of said plaintiff, Derrith Woloshyn, which may be awarded in the action outlined in Paragraph 6 of the Agreed Statement of Facts?"

The agreed-upon facts state that Hingham Mutual Fire Insurance Company issued a homeowner's policy to petitioners, Joseph E. and Lillian D. Heroux, effective from January 23, 1982, to January 23, 1985. During the policy term, the Herouxes stabled a horse at property located on Staples Road in Cumberland, which property was separate from and did not adjoin their residence at 3240 Mendon Road in Cumberland. On or about August 7, 1982, one of the Herouxes' horses escaped from the Staples Road property and collided with a motor vehicle on a neighboring roadway. The injured party, Derrith Woloshyn, commenced a personal-injury action against the Herouxes, and they in turn have demanded that Hingham Mutual provide their defense and indemnify them in regard to any judg-

ment rendered against them pursuant to their homeowner's policy provisions.

■ The policy states that Hingham Mutual will defend, at its expense, any action against the insured for bodily injury "to which this coverage applies." The answer to the first certified question concerning Hingham Mutual's duty to defend the Herouxes in the personal injury action turns, therefore, upon a determination of the second question, namely, whether the injury caused by the horse is covered by the Herouxes' homeowner's policy. As a general principle, this court will find that a duty to defend arises when the complaint in the underlying tort action contains facts sufficient to bring the case within or potentially within the coverage of the policy, regardless of whether the plaintiffs in the tort action will prevail on the merits. *Peloso v. Imperatore*, 434 A.2d 274, 277 (R.I.1981); *Flori v. Allstate Ins. Co.*, 120 R.I. 511, 513, 388 A.2d 25, 26 (1978); *Employers' Fire Ins. Co. v. Beals*, 103 R.I. 623, 632, 240 A.2d 397, 403 (1968).

■ Under the section entitled "Coverage F—Medical Payments to Others," the Herouxes' policy states that the insurer will cover medical expenses for bodily injury:

"a. to a person on the insured location with the permission of any insured; or
"b. to a person off the insured location, if the bodily injury:

\*    \*    \*    \*    \*    \*

(4) is caused by an animal owned by or in the care of any insured."

It is unambiguously clear that the horse and motor-vehicle collision at issue is a risk covered by provision b(4) under Coverage F. The injury was caused by a horse owned by the insured and on the roadway near the Staples Road property.

The question then becomes whether this incident is excludable under language in the exclusions section of the policy. This section provides:

"Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage:

\*    \*    \*    \*    \*    \*

d. arising out of any premises owned or rented to any insured which is not an insured location."

Hingham Mutual asserts that the incident occurred on nonadjoining, uninsured premises rented by the insured, and therefore, this exclusion applies. Although petitioners argue in the alternative that the property was an insured location,[1] they assert that if the horse and motor-vehicle collision occurred off an insured location, the incident did not "arise out of" an uninsured location. Having reviewed cases construing the phrase "arising out of," we agree with petitioners that the horse and motor-vehicle collision did not "arise out of" the Staples Road property. We do so noting our obligation to construe any ambiguities in the policy in favor of the insured. *Larocque v. Rhode Island Joint Reinsurance Ass'n*, 536 A.2d 529, 531 (R.I.1988); *Conanicut Marine Servs., Inc. v. Insurance Co. of N. Am.*, 511 A.2d 967, 970 (R.I.1986); *Malo v. Aetna Casualty & Surety Co.*, 459 A.2d 954, 956 (R.I.1983).

This court has not previously construed the term "arising out of" as used in an insurance policy. Addressing that language, we find persuasive the reasoning of the California Appellate Court in *Safeco Ins. Co. of Am. v. Hale*, 140 Cal.App.3d 347, 189 Cal.Rptr. 463 (1983). Considering a similar exclusion, that court determined whether an injury caused by an escaped horse "arose out of" the uninsured premises to which the horse was temporarily moved. *Id.* at 349–50, 352, 189 Cal.Rptr. at 463–65. The court stated that a horse "is not within the fair connotation of the word 'premises' so that when the animal is taken from one 'premises' to another 'premises' and there bites a child the injury to the child cannot be said to be 'arising out of' either premises." *Id.* at 353, 189 Cal. Rptr.

---

1. Because this court finds that the policy covers the risk on an uninsured location, we find it unnecessary to reach the merits of petitioner's alternative argument that the Staples Road property is an "insured location."

at 466. The California Court relied on a Missouri Court of Appeals decision in *Lititz Mutual Ins. Co. v. Branch,* 561 S.W.2d 371 (Mo.Ct.App.1977). *Lititz* involved an injury caused by a dog tethered on uninsured premises. *Id.* at 372. The court held that "[a] dog, whether permanently kenneled or tethered on the property, is not a part of the premises. It cannot therefore be said that a dog bite arises out of—originates from, grows out of, or flows from—the premises." *Id.* at 373. Subsequently a Florida Court of Appeals has adopted *Lititz's* reasoning. *Hanson v. General Accident Fire & Life Ins. Corp.,* 450 So.2d 1260, 1261 (Fla.Dist.Ct.App.1984). In *Hanson* the appellant accidentally touched an antenna to an uninsulated wire, thereby causing a shock to another person. The accident occurred on uninsured property, and the insurance company asserted that its exclusion of "bodily injury or property damage arising out of any premises, other than an insured premises, owned, rented or controlled by any insured" applied. *Id.* The court disagreed, noting that it would construe the term "arising out of" narrowly as intending to limit the scope of coverage to incidents with a causal connection to the premises, not to incidents that merely occur on the premises. *Id.* at 1261–62.

In the instant case the injury was caused by the horse, not because of any defect in the uninsured premises. In fact, the horse was on a neighboring highway when the accident occurred. The injury cannot be characterized as "arising out of" the Staples Road premises. Section 1 d, excluding bodily injury arising out of any uninsured location rented by the insured, does not apply. Because this court holds that the incident is a risk covered under Coverage F, section b(4), we answer both certified questions affirmatively. The insurer, Hingham Mutual, has a duty to defend the insureds in the personal-injury action and must indemnify them in regard to all sums awarded to the plaintiffs in that action.

We answer both questions certified to us in the affirmative. This case is ordered remanded to the Superior Court for further proceedings in accordance with this opinion.