[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is before the Court on plaintiff's motion for summary judgment against defendant Utica Mutual Insurance Company and defendant's objection thereto.
The complaint recites that plaintiff, an employee of defendant Pierce Agency, was a named insured on a policy issued to Pierce, that he, plaintiff, and Pierce were sued by one Lombard in connection with a contract for the sale of certain real estate. Defendant Utica appeared and successfully defended Pierce in that action but declined to defend plaintiff here. Plaintiff seeks damages to reimburse him for his personally hired lawyer, who successfully defended him in the earlier action. Averring a contractual breach of duty to defend, plaintiff seeks damages for counsel fees earlier paid and for a reasonable counsel fee here. Defendant Utica affirmatively pleads the policy excluded from coverage the acts complained of in the earlier case.
Before the Court are the policy itself, the amended complaint in the earlier action, certain other exhibits and memoranda of counsel. The policy, Section 1, the Insuring clause, covers the insureds for liability arising out of any ". . . negligent act, error or omission . . ." Paragraph 2 Exclusions (a) excludes coverage for any claim "brought about or contributed to by the dishonest, fraudulent, criminal or malicious act or omission of the insured . . ." Also excluded in (f) are "punitive or exemplary damages, fines or penalties ____." The amended complaint which underlies this lawsuit contains no averment of negligent conduct on the part of defendants. Paragraphs 13, 16, 17 and 18 all aver willful, wanton, malicious and unlawful conduct. Those exclusions are the reasons why Utica declined to defend this plaintiff in that action.
 "The law is well settled that in such circumstances the obligation of the insurer is to be determined by the allegations in the declaration or complaint filed against the insured. Facts made known before the action is tried or during the process of litigation do not alter this rule. If the declaration does not allege a liability within the coverage of the policy the insurance company is not required to defend," citing cases. Thomas v. American Universal Ins. Co., 80 R.I. 129 at 133, 134.
Memoranda, with exhibits, will remain in the file.
Plaintiff's motion for summary judgment should be and it hereby is denied. Order to enter.