DECISION
The court considers this matter on Plaintiff, Progressive Insurance Co.'s, motion for summary judgment in a declaratory judgment action. The plaintiff asks this court to declare that it has no duty to defend its insured, defendant Narragansett Auto Sales, for a claim involving an automobile operating with defendant's dealer license plates. Also, the defendant has filed a cross-motion for summary judgment. This court possesses jurisdiction pursuant to G.L. 1956 § 9-30-1 et seq.
 Facts
The parties have agreed to the following facts. (See AgreedStatement of Facts, attached hereto). On or about January 18, 1994, Plaintiff, Progressive Insurance Co. (hereinafter, plaintiff), entered into an insurance contract with defendant, Narragansett Auto Sales (hereinafter defendant), an automobile dealership in Rhode Island. The insurance policy number 00058303-4 required plaintiff to provide liability insurance coverage to defendant, including coverage for automobiles bearing any one of fifteen (15) Rhode Island dealer license plates in the 661 A to O series. (See Garage Policy-Auto Dealers' SupplementarySchedule, Form # CA 0007, at Item Four). The policy further provides, in relevant part:
 Section II — Liability Coverage
 [Progressive] will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations."
 a. The following are "insureds" for covered "autos":
 (1) You for any covered "auto."
 (2) Anyone else while using with your permission a covered "auto" you own, hire or borrow. . . .
 b. The following are "insured" for "garage operations" other than covered autos:
 (1) You.
 (2) Your partners, employees, directors or shareholders but only while acting within the scope of their duties.
 Section III — Garagekeepers Coverage
 [Progressive] will pay all sums the "insured" legally must pay as damages for "loss" to a covered "auto" or "auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" . . .
 Section IV — Definitions
 "Garage operations" means the ownership, maintenance or use of locations for garage business . . . "Garage operations" includes the ownership, maintenance or use of "autos" indicated in SECTION I of this Coverage Form as covered "autos." "Garage operations" also include all operations necessary or incidental to a garage business.
Defendant shared a desk and office with Rego's Auto Body, an independent auto repair facility, unrelated to defendant's business, which leased space in the same building as defendant. The president of defendant corporation, Richard Lisa, occasionally permitted Rego's Auto Body to access the dealer license plates in order to move vehicles or pick up parts for defendant's business. Occasionally, Lisa also allowed Carlos Rego of Rego's Auto Body to use defendant dealer plates for business related solely to Rego's Auto Body. On or about October 21, 1994, John Rego, Carlos Rego's brother, took one of defendant's dealer plates from the premises and placed it on a vehicle owned by Richard Maisano. Richard Maisano and John Rego knew that the Maisano vehicle was unregistered, did not have its own license plates, and that it had no connection to defendant's business. The record reveals that there is a dispute as to whether or not the president of defendant corporation gave John Rego permission to use the dealer plate. (See Agreed Statement of Facts at paragraphs 16 and 17). On or about October 22, 1994, while the vehicle was parked at Rego's Auto Body, Maisano drove the vehicle off the lot with the dealer plate on the vehicle. Later, on the evening of October 22, 1994, Maisano drove the vehicle to Boston for a pleasure excursion with his cousin. While driving, Maisano was involved in an automobile accident with a car owned by James Lawrence III and driven by James Lawrence IV. Maisano admits that he was not authorized by anyone from Rego's Auto Body or defendant to use the dealer license plate 661M on the evening of October 22, 1994. The Lawrences' insurance company, Federal Insurance Company, presently claims that Progressive, as the insurer of the dealer license plate attached to Maisano's pick-up truck, should insure this accident and pay damages to James Lawrence IV and James Lawrence III. The record indicates that neither the Lawrences, nor their insurance provider, has filed a lawsuit against either the defendant, insured, or against the plaintiff, insurer, for damages sustained as a result of this auto accident. (See Defendant's Brief.).
On June 28, 1995, the plaintiff filed this declaratory judgment action. Plaintiff now moves for summary judgment. Plaintiff claims that the defendant's insurance policy does not cover the accident and, therefore, plaintiff owes no duty to defend the defendant against any claims arising out of the accident. Defendant objects to plaintiff's motion for summary judgment and brings a cross-motion for summary judgment. Defendant argues that plaintiff brought this claim prematurely and is not entitled to a declaration of its duty to defend the insured until a complainant files a complaint against the insured in this matter.
 Standard of Review
Rhode Island Super. R. Civ. P. Rule 56 governs summary judgment. This rule, as all rules of civil procedure, must be "construed and administered to secure the just, speedy and inexpensive determination of every action." R.I. Super. R. Civ. P. Rule 1. Rule 56(c) requires a trial justice to determine the necessity of a trial by identifying genuine issues of material fact in dispute. Rotelli v. Catanzaro, 686 A.2d 91 (R.I. 1996). To avoid summary judgment, the party opposing the motion cannot rest upon conclusions or mere allegations or denials in the pleadings; rather, the party must affirmatively set forth competent evidence that raises a genuine issue to be resolved.Sisters of Mercy of Providence Inc. v. Wilkie, 668 A.2d 650, 652 (R.I. 1996). A trial justice may properly grant summary judgment only when, after review of the evidence in the light most favorable to the nonmoving party, the trial justice concludes that no genuine issue of material fact exists and the moving party's claim warrants judgment as a matter of law. R.I. Super. R. Civ. P. Rule 56(c). Harritos, et al v. Cambio, et al, C.A. No: 96-170, Slip Op. at p. 3 (R.I. filed October 17, 1996.).
 Duty to Defend
It is a well-settled general rule in Rhode Island, that an insurer's duty to defend an insured is determined by applying the "pleadings test." Peerless Insurance Co. v. Viegas, 667 A.2d 785, 787 (R.I. 1995); Hingham Mutual Fire Insurance Co. v. Heroux,549 A.2d 265, 266 (R.I. 1988). The pleadings test requires the trial court to examine the allegations in a complaint against the insured and "if the pleadings recite facts bringing the injury complained of within the coverage of the insurance policy, the insurer must defend irrespective of the insured's ultimate liability to the plaintiff." Peerless, 667 A.2d at 787, (citingEmployers' Fire Insurance Co. v. Beals, 103 R.I. 623, 632,240 A.2d 397, 402 (1968); Flori v. Allstate Insurance Co.,120 R.I. 511, 513, 388 A.2d 25, 26 (1978).) The complaint determines an insurer's duty to defend even if known facts conflict with the facts alleged in the complaint. Id.; Grenga v. National SuretyCorporation, 113 R.I. 45, 48, 317 A.2d 433, 435-36 (1974) (facts known before trial or during litigation do not alter rule that allegations in complaint against insured determine insurer's duty to defend). When the Rhode Island Supreme Court employed the pleadings test in Flori, it specifically overruled prior cases in which the court had determined an insurer's duty to defend by looking to facts known to parties prior to litigation, rather than facts alleged in the complaint. Flori, 120 R.I. at 514, 388 A.2d at 26. Although this duty to defend may result in the defense of "groundless, false or fraudulent" suits, the insurer is duty bound nonetheless. Peerless 667 A.2d at 787, (citingBeals, 103 R.I. at 631, 240 A.2d at 402). The Rhode Island Supreme Court has recognized only one very narrow exception to the application of the pleadings test and that exception does not apply to the case at bar.[1]
In the case at bar, the plaintiff relies upon caselaw and the agreed statement of facts filed in this matter to support its motion for summary judgment. Notwithstanding the strength of plaintiffs underlying case on the merits, this court remains bound by the cases which establish the pleadings test to determine an insurer's duty to defend. Therefore, the agreed statement of facts relied upon by the plaintiff becomes irrelevant for the purpose of determining an insurer's duty to defend. The only facts which may govern an inquiry into an insurer's duty to defend are those alleged in a complaint against the insured. Flori, 120 R.I. at 513, 514, 388 A.2d at 26 (1978);Grenga, 113 R.I. at 48, 317 A.2d at 435-36.
In the case at bar, the court must look to allegations in a complaint against this defendant, the insured, in order to determine this plaintiff's duty to defend the defendant. However, the record indicates that no complaint has been filed against the insured. Consequently, as a matter of law, this court may not declare the extent of the plaintiffs duty to defend until a complaint is brought against the defendant for any claimed loss resulting from the accident of October 22, 1994.
Therefore, after due consideration, this court concludes that the defendant is entitled to judgment as a matter of law. Accordingly, this court denies plaintiffs motion for summary judgment, grants the defendant's cross-motion for summary judgment, and denies plaintiffs prayer for declaratory relief. The plaintiff s remaining arguments need not be addressed..
Counsel shall prepare the appropriate judgment for entry.
[1] In Peerless, 667 A.2d at 789, the Rhode Island Supreme Court recognized a very narrow exception to the pleadings test in civil actions for damages from child sexual molestation, where a homeowners' insurer would be relieved from its duty to defend and indemnify an insured perpetrator.