[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This is a Declaratory Judgment action brought by Plaintiff, National Grange Mutual Insurance Company (NGM/the insurer) against Defendants, Evana Joseph (the insured/operator of the first vehicle), her brother, Enoy Guillaume, and Robert J. Sheldon (operator of the second vehicle).
 Facts
On or about April 18, 2002 Joseph was the owner and operator of a motor vehicle that was in a collision with a motor vehicle owned and operated by Sheldon. At the time of the accident, Joseph had an automobile insurance policy issued to her by NGM. Upon reporting the accident to Plaintiff, Joseph alleged that her brother, Guillaume, was a passenger in her vehicle, and that both of them were injured as a result of Sheldon's negligence. In a separate civil action entitled "Evana Joseph and EnoyGuillaume v. Robert Sheldon, alias," C.A. No: PC 02-3860 (the companion case), Joseph and Guillaume sought damages against Sheldon, who in turn counterclaimed against Joseph seeking contribution for any damages that might be due Guillaume.
Based on the police report and Sheldon's statement that there was no passenger in the Joseph vehicle, NGM conducted an investigation wherein Joseph, under oath, testified that her brother was in fact in her car. NGM then sought to deny coverage under the policy, and this action ensued. The trial was bifurcated with a jury, after hearing the testimony of Joseph, Guillaume, and Sheldon, determining that Guillaume was in fact not in his sister's vehicle at the time of the accident. Remaining for this Court is a determination of NGM's obligation to indemnify and/or defend Joseph in the companion case.
 Analysis
The jury's verdict that Guillaume was not a passenger is clear and logical proof that Joseph lied to NGM. This coupled with Joseph's earlier statement under oath to Plaintiff, leads this Court to consider that Joseph, both prior to and at the time of trial, made materially false and deceptive statements to her insurer.
The policy issued to Joseph by NGM included the following:
 "Part F. — General Provisions Fraud. We do not provide coverage for any "insured" who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy."
The Court is directed to 44 Am. Jur. 2d § 1363 which states in part:
 "Insurance policies usually provide that any fraud or false swearing by the insured, whether before or after a loss or occurrence, relieves the insurer from liability. Under such a provision, false statements as to material matters willfully made by the insured in proofs of loss with the intention of deceiving the insurer preclude any recovery on the policy by the insured; and conversely, to constitute fraud or false swearing under such a provision, there must be false statements willfully made with respect to a material matter and with the intention of thereby deceiving the insurer . . . If a false statement is knowingly made to the insurer with regard to a material matter, the intent to defraud will be inferred."
A statement is material if it is reasonably relevant to an insurance company's determination as to whether there has truly been a loss, or whether a loss is covered by the policy; and/or the amount of damages to be paid under the policy. Dadurian v. Underwriters, 787 P.2d 756,Employers Liability assurance Corp., Ltd. v. Valla, 321 N.E. 2d 910;Longobardi v. Chubb Ins. Co. of New Jersey, 582 A2d. 1257.
When an insured has attempted to further his or her claims by intentionally concealing or misrepresenting material facts or circumstances, engaging in fraudulent conduct and/or making false statements, it is not necessary that an insurance company was actually deceived or harmed by having made payments or in any other way. Nor is it required that the insurance company prove that its insured had a motive to falsely claim that property was damaged, to make false statements or material misrepresentations. The making of a misrepresentation of a material fact to an insurance company under such circumstances is sufficient to void the policy without regard to motive. EsquireRestaurant, Inc. v. Commonwealth Insurance Co. of New York, 393 F.2d 111
(7th Cir. 1968); J.C. Wyckoff Associates, Inc. v. Standard FireInsurance Co., 936 F.2d 1474, 1484-85 (6th Cir. 1991); Gonzalez v.People of the Virgin Islands, 109 F.2d 215 (3rd Cir. 1940);Longobardi, id. At 1262.
The Court finds as a fact and concludes as a matter of law that the attempts by Joseph to place Guillaume in her vehicle were deliberate, material falsehoods that violated her duties under the policy with NMG and were misrepresentations of material facts that void the policy and any coverage available, including indemnifying her with regard to any claims or actions against her by Guillaume and/or any claims for contribution or indemnification asserted against her, with respect to such claims of Guillaume, by or on behalf of Sheldon.
Despite Joseph's asserted falsehoods, Plaintiff has continued to provide defense coverage to her in the companion case. In matters where insurers have been found to have no duty to indemnify an insured, it has long been held that the duty to defend an insured is broader in scope. InEmployers' Fire Insurance Co. v. Beals, 103 R.I. 623 (1968) our Supreme Court adopted the so-called "pleading test" to determine an insurer's duty to defend even if there is no ultimate duty to indemnify:
 "In Rhode Island, the insurer's duty to defend a suit brought against one of its policyholders is determined by the allegations contained in the complaint. Thomas v. American Universal Ins. Co., 80 R.I. 129, 93 A.2d 309. As a general rule, where the particular policy requires insurer to defend even if the suit is groundless, false or fraudulent, the insurer's duty to defend is ascertained by laying the tort complaint alongside the policy; if the allegations in the complaint fall within the risk insured against in the policy, the insurer is said to be duty-bound to provide a defense for the insured, regardless of the actual details of the injury or the ultimate grounds on which the insured's liability to the injured party may be predicated. 7A Appleman, Insurance Law and Practice, § 4683, p. 436. Employers' Fire Insurance Co. p. 631 . . .
 "In our opinion the best rule in such a case is that if the pleadings recite facts bringing the injury complained of within the coverage of the insurance policy, the insurer must defend irrespective of the insured's ultimate liability to the plaintiff."
Recently, however, our Supreme Court has carved out an exception in certain cases where a claim is brought against an insured under his homeowner's policy. In Peerless Insurance Co. v. Viegas, 667 A.2d 785
(R.I. 1995), the Court held that there was no duty to defend (or indemnify) the insured, who pled guilty to child molestation charges, in a civil action brought by the parents of the child, even though the complaint recited facts bringing the injury complained of within the coverage of the insurance policy. In essence, the Court found that the conduct was intentional (and, thus excluded from the policy) and no language in the pleadings could camouflage it to be otherwise. This logical public policy prevents the outrageous conduct of an insured from being rewarded with a defense by his insurer. While the "pleading test" of Employers' Fire Insurance favors the insured[1] and ignores even doubtful or sham claims (most likely brought by third parties) this Court believes that the factual pattern in the present matter is closer to thePeerless exception. Here, Joseph deliberately fabricated a claim but for which there would have been no counterclaim by Sheldon and thus no reason for NMG to defend. Public policy should require that we treat this apparent perjurer no differently than the child molester.
The Court therefore finds as fact and concludes as a mater of law that the Plaintiff has no duty to defend with regard to the claims of Guillaume or the claim for contribution by Sheldon.
Having so found, judgment shall enter for the Plaintiff for its costs.
Counsel shall prepare an order for entry in accordance with this decision.
[1] The pleading in Sheldon's counterclaim would meet the Employers'Fire Insurance test.