DECISION
These matters are before the Court on Mr. Gendron's motion to consolidate a request for declaratory judgment with two other negligence cases already consolidated for trial. The declaratory judgment seeks to determine if an insurance company has a duty to defend claims made by its insureds who are parties to the negligence actions. The insurance companies also seek to determine if it must indemnify the insureds, that is, pay the claims if its insureds are found liable.
While the Court always seeks to avoid multiple, duplicative trials, these issues are similar, but do not necessarily mix well. The purpose of the declaratory action for National Grange is to determine if it must endure the significant expense of a protracted trial, not knowing whether it is bound. Hence, resolving the declaratory judgment may prevent the insurer from proceeding to trial.
The injured parties seek one trial as they allege many of the issues overlap. For instance, whether Mr. Gendron and Mr. Walker were employees or independent contractors has a significant effect on the coverage issue. The same issue is important for purposes of determining negligence. Misrepresentations on the policy, if any, may have an impact on coverage, while they may also have an impact on the credibility of witnesses at the negligence trial. Involvement of counsel is particularly concerning because they wind up on different sides, depending on which case and which issue is pending. *Page 3 
The Court is cognizant of factors not mentioned at oral argument. If the issues are merged before a jury, won't the jury learn of the insurance coverage? And, of course, if none of the issues are resolved, the trial will be become more protracted, and may leave too many variables to effectuate a settlement. The Court is left with a variety of conflicting issues, good arguments, and concerns on all sides. But, just when the Court was left in a quagmire, the insurers encouraged it to rely on an older Declaratory Judgment case, Beals.
In situations like this, it is tremendously comforting to have a case drafted by Justice Kelleher to rely on. Justice Kelleher demonstrated tremendous insight in drafting this decision. Trial judges routinely instruct jurors to bring their common sense into the jury room. Clearly, Justice Kelleher brought his common sense to the Supreme Court, drafting thorough, practical decisions that we use here every day.
In Beals, a child was injured at school by another child stabbing him in the eye with a pencil. The parents of the alleged protagonist requested protection under their homeowners' policy. Prior to the filing of the negligence claim, the insurance company filed for declaratory relief, alleging that the policy would not protect against intentional wrongs. The Superior Court, sitting in the 1960s, refused to provide such relief. It held that the declaratory judgment should not be used to force the parties to have "a dress rehearsal" of an important issue expected to be tried in the injury suit. The Supreme Court agreed with this statement.
Fortunately, Justice Kelleher continues on by describing the intent and application of the Declaratory Judgment Act. So many of the issues the court faced are strikingly similar to the litigation before us today: *Page 4 
 This conflict can be concisely described as follows: the prime interests of the insurer would best be served by an adjudication that the injury to Chester was caused intentionally, for in such an event insurer owes no duty to defend or indemnify insureds; contrariwise, the prime interests of the insured would best be served by either an adjudication that the injury to Chester was the result of a pure accident—for in such an event the insurer clearly owes a duty to defend—or alternatively was the result of the negligent conduct of defendant, in which case insurer would be obliged to defend and indemnify insured up to the extent of its policy limits. Moreover, if the insurer attempts to exculpate itself from obligations under the policy by a showing that the injury to Chester was intentionally caused, it would expose the insured to greater personal liability and a possible award of punitive damages. See Harbin v. Assurance Co. of America, 308 F.2d 748 (10th Cir.1962). This polarization of interest, argues the insurer, makes it imperative that the above issue be disposed of before the principal tort suit, otherwise attorneys designated to represent the insured by the insurer would be asked to represent simultaneously two different parties with irreconcilable interests. Beals p. 628
Let me move on to the method by which Justice Kelleher resolved the controversy. First, he noted that the declaratory judgment procedure is purely discretionary on the part of the trial court.
 Thus, even if the complaint contains a set of facts which bring it within the scope of our declaratory judgments act, there is no duty imposed thereby on the court to grant such relief, but rather the court is free to decide in the exercise of its discretion whether or not to award the relief asked for. We point out, however, that this discretion is not absolute . . .
However, he continued in the next paragraph where he explains the court's reasoning:
 The utility of a declaratory judgment action in liability insurance cases cannot be denied, for it is a remedy readily adaptable to controversies in which there is a hassle over the coverage offered by a policy as applied to a crystallized set of facts. 20 Appleman, Insurance Law and Practice, § *Page 5 
11332 at 109. Oftentimes it is the most expeditious and fairest method by which an insurer can secure an advance determination as to its contractual duty to defend or indemnify one of its policyholders. . . . when uncertainty exists as to the precise obligations and rights flowing between an insurer and an insured by reason of a contract of insurance, a declaratory action could well provide the much needed source of enlightenment and clarification in order that both parties can proceed to litigate issues fully aware of the responsibilities and duties, if any, each may owe to the other. IBID
He continues in the following paragraphs by referencing factors which should be considered by the trial courts:
 Although there may be a recognized need for a declaration of rights emanating from an insurance contract, it is nonetheless proper for a court in the exercise of its discretion to refuse to grant a declaratory judgment under certain circumstances. Certainly before such a judgment is awarded, the court must carefully examine and weigh all relevant factors which bear on the propriety of granting this type of relief in order to be assured that no rights of any interested party will be abused in the process. Among the factors considered by courts in this regard are the inconvenience and burden to respective litigants and the inequitable conduct on the part of the individual seeking the relief. 3 Barron Holtzoff, supra, § 1265 at 299. Courts have, for example, not infrequently admonished insurance attorneys against the unfair use of declaratory judgments as a procedural fencing technique to influence unduly the choice of a forum, to wrest control of litigation from injured parties, or to cause a confusing alteration of the burden of proof or the burden of going forward with evidence. 6A Moore, supra, at 3113; Note, Availability Of A Declaratory Judgment When Another Suit Is Pending, 51 Yale L.J. [103 R.I. 630] 511, 515. If it appears that a declaratory judgment would work such resultant injustice upon any interested party, courts have uniformly rebuffed its attempted invocation.
 In addition, it is most important for courts in considering whether or not to award a declaratory judgment to examine the issues sought to be resolved by the insurer. If the troublesome issue giving rise to insurer's dilemma is one *Page 6 
which is separable from the issues waiting to be litigated in the principal tort suit, a declaratory judgment should be liberally awarded. Advance determination of such issues is of great assistance to all the parties; and an early resolution of questions of this type, generally speaking, does not adversely affect the interest of the injured party. Thus, declaratory judgment proceedings are ideally suited for preliminary disposition of such issues as whether or not lack of timely notice or failure to cooperate on the part of the insured absolves the insurer of its obligation to defend or indemnify.
 On the other hand, if the vexatious issue giving rise to the conflict of interests between the insured and the insurer is inextricably related to those issues which will ultimately determine the insured's liability to the injured party in the tort suit, courts normally and justifiably deny the application for a declaratory judgment. Nationwide Mut. Ins. Co. v. Dennis, 14 A.D.2d 188, 217 N.Y.S.2d 680. To award a declaratory judgment in such an event would doubtlessly clear up the insurer's obligation to the insured under their insurance contract, but, in our opinion, it would do so at the harsh expense of the injured party. We are of the belief that to allow insurance companies to litigate issues which are identical with ones to be tried later during the injury suit would be tantamount to permitting insurance companies to assume unfairly the control and command of the tort litigation. See 6A Moore, supra, at 3113, and cases cited therein; see also Note, Use Of The Declaratory Judgment To Determine A Liability Insurer's Duty To Defend—Conflict Of Interests, 41 Ind.L.J. 87, 101. To do otherwise would surely jeopardize the injured party's right to direct, control and manage the course of his injury suit. Beals, pp. 630, 631.
As in Beals, the insurer in this case plainly seeks to have adjudicated in its declaratory action issues which are vital to be resolved in the ensuing damage actions: Namely, the employment/independent contractor relationships, the scope and effect of misrepresentations and the scope of the work being performed. All of these issues are *Page 7 
likely to emerge at the damage trial for which the parties have clearly requested a jury trial.
Let me apply the factors Justice Kelleher instructed us to: First, "the inconvenience and burden to respective litigants and the inequitable conduct on the part of the individual seeking the relief." Clearly, there is inconvenience and burden to litigants to undergo two trials. But the insurer is the first to complain, alleging that uncertainty will require them to defend perhaps for naught. This problem will be resolved herein, but the inconvenience to the victims is much larger: To divide the trials may avoid the victim's potential for a jury trial; at least it will require the damage jury to be bound by issues decided at earlier proceedings. At worse, multiple trials may leave consumers who had the foresight to purchase insurance without any protection at a lengthy trial. This factor tips the scale against a separate trial.
Second, the Court should "examine the issues sought to be resolved by the insurer." Will the declaratory judgment place the parties in a better posture for true litigation of the important issues, or will the issues overlap causing confusion about what is litigated when, how much will the second jury be bound, has the jury trial right been infringed, are the issues "inextricably related to those issues which will ultimately determine the insured's liability to the injured party in the tort suit," because if so "courts normally and justifiably deny the application for a declaratory judgment?" Yes, of course they are, at least I cannot determine how to easily extricate the question of indemnification to what actually happened. Justice Kelleher worded it better: "to allow insurance companies to litigate issues which are identical with ones to be tried later during the injury suit would be tantamount to permitting insurance companies to assume *Page 8 
unfairly the control and command of the tort litigation." Hence, this factor weighs against this Court's affording its discretion for a declaratory judgment.
So obviously, all issues for the damage trial by jury shall not be preempted by the declaratory judgment trial. Viewing the Beals case in a bright light, there are other issues in Justice Kelleher's reasoning which assists the insurers here, and affords some relief. Note that the insurers at bar are claiming two things: That they have no duty to defend, and that they need not indemnify. Well those issues are defined quite separately in the law, and again the Beals case gives us tremendous guidance:
 In Rhode Island, the insurer's duty to defend a suit brought against one of its policyholders is determined by the allegations contained in the complaint. Thomas v. American Universal Ins. Co., 80 R.I. 129, 93 A.2d 309. As a general rule, where the particular policy requires insurer to defend even if the suit is groundless, false or fraudulent, the insurer's duty to defend is ascertained by laying the tort complaint alongside the policy; if the allegations in the complaint fall within the risk insured against in the policy, the insurer is said to be duty-bound to provide a defense for the insured, regardless of the actual details of the injury or the ultimate grounds on which the insured's liability to the injured party may be predicated. 7A Appleman, Insurance Law and Practice, § 4683, p. 436.
 There is some conflict of authority as to whether the pleading test referred to above is determinative of the insurer's duty to defend when the allegations in the complaint are at odds with the actual facts known or ascertained by the insurer. See 2 A.L.R.3d 1238, § 8 at 1251, and cases cited therein. In our opinion the best rule in such a case is that if the pleadings recite facts bringing the injury complained of within the coverage of the insurance policy, the insurer must defend irrespective of the insured's ultimate liability to the plaintiff. 7A Appleman, supra, and cases cited therein. In this state, therefore, a liability insurer's duty to defend is predicated not upon information in its possession which indicates or even proves non-coverage, but instead upon the allegations in the complaint filed against the insured; in other words, *Page 9 
when a complaint contains a statement of facts which bring the case within or potentially within the risk coverage of the policy, the insurer has an unequivocal duty to defend. McFadyen v. North River Ins. Co., 62 Ill.App.2d 164, 209 N.E.2d 833; Heyden Newport Chemical Corp. v. Southern General Ins. Co., Tex., 387 S.W.2d 22. See also cases cited in Anno. at 50 A.L.R.2d 458, § 22 at 504. Furthermore, any doubts as to the adequacy of the pleadings to encompass an occurrence within the coverage of the policy are resolved against the insurer and in favor of its insured. Eichler Homes, Inc. v. Underwriters at Lloyds, London, 238 Cal.App.2d 532, 47 Cal.Rptr. 843. Beals at 631, 2
Enough said. The duty to defend does not require a complex trial. We can lay the policy against the complaint in little time, and move you along nicely before the holiday recess. There are no issues which overlap with a damage trial and the declaratory judgment action is jury waived. (From this present vantage it seems there are no issues of fact on the duty to defend). Establishing the duty to defend in a separate trial is consistent with the present view of our Supreme Court. When coverage is in issue and a complaint questions if a case is potentially
 within the coverage of a defendant's insurance policy, the insurer must defend the insured irrespective of whether the insured will ultimately prevail on the merits. Flori v. Allstate Insurance Co., 120 R.I. 511, 513, 388 A.2d 25, 26 (1978). Furthermore, any doubts as to the adequacy of the pleadings to encompass an occurrence within the scope of the policy must be resolved in the insured's favor. Employers' Fire Fire Insurance Co. v. Beals, 103 R.I. 623, 632, 240 A.2d 397, 403 (1968) Allstate Ins. Co. v. Russo, 641 A.2d 1304, 1306 (R.I. 1994)
The indemnification query is much more difficult. If the insureds and victims survive the declaratory judgment hurdle issues concerning indemnification necessarily *Page 10 
overlap with jury trial findings. The Court abhors verdicts which are necessarily inconsistent, so those issues will be, and must be, tried together. And, providing great deference to the Constitutional right to a jury trial, those facts will be decided by a jury.
Before concluding, there is one other point that needs to be addressed. I noted with great concern, the statements by counsel that they may face significant conflicts. It seemed to me that attorneys representing the insureds may have to change tables depending on what part of a consolidated trial we are on. Once again, Justice Kelleher, inBeals, has addressed this concern:
 In our opinion, however, an insured, when faced with the quandary posited by the facts of the instant case, has a legitimate right to refuse to accept the offer of a defense counsel appointed by the insurance company; and when an insured elects to exercise this prerogative, the insurer's desire to control the defense must yield to its obligation to defend its policyholder.
 There is, therefore, a discernible need to discover a solution to this dilemma which will, at the same time, be mutually protective and satisfactory to the parties.
 * * * Because the insurer has a legitimate interest in seeing that any recovery based on finding of negligence on the part of its insured is kept within reasonable bounds, and since the total expense of this defense is to be assumed by the insurer under its promise to defend, we believe that . . . the engagement of an independent counsel to represent the insured should be approved by the insurer. Such approval, however, should not be unreasonably withheld. 103 R.I. at 644-4
In his next paragraph, Justice Kelleher blames the insurer for causing most of this problem, but we need not get to that issue. For us, there appears to be a need for separate counsel. From what I can see, separate counsel have already been appointed. Therefore, I am convinced that the highly qualified attorneys will be clear on who they represent, *Page 11 
and there will be no conflict issues. If there is, they should be resolved by the insurers now. It is time to prepare for trial.
Plaintiffs' motions to consolidate the National Grange case with the two damage cases are granted in part and denied in part. That is, the motions are denied to the extent that the Court will consider the duty to defend in an initial declaratory judgment action trial. That case has already been assigned for a jury-waived trial. The remainder of all litigation will be consolidated for trial, though counsel are preserved their opportunity to submit motions in limine, submit questions of law to the Court and all other rights. *Page 1